ROACH *vs.* THE STATE OF GEORGIA.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

The evidence was sufficient to warrant the verdict; and the court committed no abuse of discretion in refusing a new trial on account of the newly discovered evidence, the facts and circumstances indicating that full and active diligence would have been effectual in the first instance.

New trial. Newly-discovered evidence. Before Judge LESTER. Forsyth Superior Court. February Term, 1879.

Roach was placed on trial for the offense of assault and battery alleged to have been committed on Wilkie, on January 15, 1877. He pleaded not guilty. The following comprises all the evidence introduced, the defendant offering none :

C. C. Elliott : Saw the difficulty between defendant and Wilkie. It was at Frogtown, on the 15th of January, 1877. Saw defendant and Wilkie talking. Wilkie had hold of defendant's coat. Defendant turned from Wilkie, and as he turned Wilkie tore defendant's coat. Defendant

then struck Wilkie and drew his pistol. Defendant said afterwards he wished he had shot Wilkie.

Charles Yarbrough : Did not see all of the difficulty. The first thing witness saw was Wilkie with one hand on defendant's shoulder and holding defendant's coat with the other. The next thing witness saw was defendant with his pistol drawn and presented at Wilkie—not pointed at him, but held upwards.

Clay Wilkie : Saw defendant and Harrison Wilkie facing each other, engaged in a quarrel. Wilkie, with one hand, had hold of defendant's coat, and had the other on defendant's shoulder. Defendant turned from Wilkie, and as he turned his coat was torn. Defendant then struck Wilkie and drew his pistol, but pointed it upwards. Witness ran in between them.

Augustus Gage : Heard defendant say afterwards he had drawn his pistol and regretted he did not shoot.

The jury returned a verdict of guilty. The defendant moved for a new trial because the verdict was contrary to the evidence, and because of newly discovered testimony as disclosed in the affidavits of Barrett, Wyatt, and Glass. These were to the same general purport. That of Wyatt was as follows :

Was present at the difficulty at Frogtown between defendant and Harrison Wilkie. Saw the whole affair. Wilkie was very drunk and boisterous and had been trying to get up a fight with others. Defendant, Roach, was quietly talking to other men. Wilkie, without cause or provocation, rushed up to defendant with a drawn knife in one hand and made a grab at him. Did not see whether or not Wilkie got hold of defendant. Defendant turned towards Wilkie and then stepped back and drew his pistol. Defendant acted only on the defensive. Witness never communicated what he knew of the matter to any one until after the trial of defendant. He avoided speaking of the difficulty because he did not wish to attend court as a witness.

Counsel for defendant at his trial, Messrs. C. D. Phillips and S. A. Darnell, made affidavit that they had exer-

23

cised diligence in making full inquiries as to what could be proven in behalf of defendant and that they did not know that the facts in the above affidavit could be proven until after the trial and after the term at which said case was tried, and that they would have used the evidence on the trial if they had known of its existence.

The defendant also made affidavit that he used every effort before his trial to find witnesses by whom he could prove the circumstances of the difficulty as contained in the foregoing affidavits, but failed to find them. That he did not ascertain until several months after the trial by whom he could make such proof That on the day of the difficulty there was a large crowd assembled at Frogtown and a great deal of excitement, consequently very few saw the circumstances which led to the difficulty, and although. he made diligent inquiry, he failed to find any one who would or could testify to the facts necessary to his defense. That he did not know until several months after the trial that Abram Wyatt and Wm. Glass were present at the difficulty. That he did know that D. G. Barrett was there, but Barrett refused to tell him whether he knew said facts or anything about the difficulty. That a large number of those present were relatives of Harrison Wilkie, and when he approached them they appeared prejudiced against the defendant. That he would have proven the facts in the above affidavits at the trial if he could have found the witnesses.

The case was tried before Judge McCUTCHEN, but the motion for new trial was heard by Judge LESTER. The motion was overruled, and defendant excepted.

S. A. DARNELL; C. D. PHILLIPS; MARLER & PERRY, for plaintiff in error.

THOMAS F. GREER, solicitor-general, for the state.

BLECKLEY, Justice.

The evidence was not so overwhelming as to be irresistible, but, taking into consideration the expression of regret

at not shooting, it made such a case as that the way of the jury is the way of the law.

After-discovered evidence is one of the grounds of the motion for a new trial, but it is impossible to repel the belief that full and active diligence would have brought this testimony to light in ample time. The combat took place in a country village, on a day of public gathering, and in the presence of a multitude. Some of the bystanders are now for the first time ascertained to have been of the company, and what they can avouch is the new evidence. In preparing for trial, the accused ought to have inquired persistently, if he did not know, who were in the crowd. Finding some, from them he might have learned others, and from these others, and so on until he came to one or more that could give the true version of the fight. He, himself, knew what transpired in his justification, and all he wanted was some of the bystanders who understood the affair as he did. He seems to have staked his defense on the evidence which the state introduced, thus entitling his counsel to the conclusion in the argument, and having lost, entered afterwards on an active search after witnesses, conducting the search with excellent success. Too late, we think.

Cited by counsel: Sufficiency of evidence, 6 *Ga.*, 276; 27 *Ib.*, 422; 37 *Ib.*, 607. Newly discovered, 33 *Ib.*, 28; 24 *Ib.*, 32; 34 *Ib.*, 1; 10 *Ib.*, 512; 31 *Ib.*, 411; Code, §3716.

Judgment affirmed.