## LAKES *v.* LAKES.

No. 7863. JANUARY 13, 1931.

*Leonard H. Young* and *J. T. Thomasson,* for plaintiff in error.
*L. L. Meadors* and *Henry Reeves,* contra.

RUSSELL, C. J.   This was a case in which there was a dispute between a husband and wife as to their comparative interest in a house and lot in LaGrange.   However, before the submission of the case to the jury all conflicts in the pleadings and evidence were removed by an agreement that the wife, the plaintiff, and the husband, the defendant, were each entitled to an equal share in the corpus of the estate; and the only questions to be submitted to the jury were the amounts expended, respectively, by the wife and husband in improving the house, and the amounts collected by each as rent.   In answer to questions submitted by the court, the jury found that the wife had expended $205, and had collected $78; and that the husband had expended $182, and had collected $220; making a difference in favor of the wife of $82.50, which the court decreed should be taken from the husband's half of the property and added to that of the wife.   The husband moved for a new trial, which was refused, and the defendant excepted.   The following appears in the brief of evidence:   "In the colloquy held in the absence of the jury between the court, Mr. Meadors, attorney for plaintiff, and Mr. Young, attorney for the defendant, it was agreed that the parties to the suit should stand on the deed  .  .  from Laura Adams to Grant Lakes and Cora Lakes as if the whole fee was conveyed, and that for the purpose of this suit Grant Lakes and Cora Lakes, the joint grantees named in the deed, would base their interest in the property on whatever this deed conveyed to them respectively.   It was further agreed between court and counsel that the respective interest of each grantee should be determined by the jury; that the amount spent by the parties respectively in improving the property should be submitted to the jury, and the amount collected by Grant Lakes for rents since 1923 and the amount collected by Cora Lakes prior to 1923 should be submitted to the jury, and that the difference should be determined by the jury and they should say who owes the difference.   Mr.

Meadors insisted that the plaintiff owned the whole of it with the exception of $100. Mr. Young contended that each was entitled, under the deed, to a 50-50 interest. It was agreed that the following questions should be propounded to the jury: 1. What interest has Grant Lakes? 2. What interest has Cora Lakes? 3. How much did Grant Lakes expend on improvements? 4. How much did Cora Lakes expend on improvements? 5. How much rent did Grant Lakes collect? 6. How much rent did Cora Lakes collect?"

The jury rendered a verdict finding that each of the parties owned a half interest in the property in dispute. Answering question 3, they found that Grant Lakes had received $220 from the property, and in answer to question 4 they found that Cora Lakes had received $78 therefrom. In answer to question 5 they found that Grant Lakes had spent $182 on improvements to the property, and in answer to question 6 they found that Cora Lakes had spent $205 on improving the property. Upon this finding the court decreed that after the payment of costs (which were equally divided between the parties) the plaintiff, Cora Lakes, should have judgment against Grant Lakes for $82.50 principal, $34.65 interest, and that she have a special judgment against the funds in the hands of the receiver belonging to the defendant, and as against the undivided interest of Grant Lakes, the defendant, in the property described, for said sum. The defendant's motion for a new trial, in addition to the general grounds, contains certain grounds assigning error upon the admission and rejection of testimony, as well as a ground which is based upon newly discovered testimony. In the brief of counsel for plaintiff in error, all grounds of the motion for a new trial are expressly abandoned except that dealing with newly discovered evidence. It is alleged that a new trial should be granted, "Because, since the rendition of the verdict, certain material evidence, not merely cumulative and not solely impeaching in its character, but relating to new and material facts, has been discovered by movant; that said newly discovered evidence is set out in the affidavits of Alex. Strozier, hereto attached and marked Exhibit A; also the affidavit of A. H. Smith attached and marked Exhibit B, and Exhibit C; of Lunceford Barnes marked Exhibit D; of J. R. Newman marked Exhibit E; of W. F. Lovelace marked Exhibit F. All of these exhibits are hereto attached and made a part of this ground. Movant avers that the probable effect

of the newly discovered evidence, if another trial were had, would be to produce a different result with reference to the amount expended by the defendant for improving the property in question, favorable to the movant." It is further alleged in this ground that the newly discovered evidence is material to the main issue in the case as to how much money had been expended by the defendant, etc., and the newly discovered evidence is by a witness and witnesses other than the defendant himself; and that affidavits of a number of named persons, showing the residence, means of knowledge, character, and credibility of the witnesses by whom the newly discovered evidence is to be given, are attached, as well as affidavits of movant and his counsel to show that neither of them could have discovered the newly discovered evidence by the exercise of ordinary care before the rendition of the verdict.

Applications for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and the refusal to grant a new trial on that ground will not be reversed unless his discretion is abused. *Miller* v. *State,* 119 *Ga.* 561 (46 S. E. 838); *Bradford* v. *Brand,* 132 *Ga.* 642 (64 S. E. 688). As was said by Judge Bleckley in *Young* v. *State,* 56 *Ga.* 403, 405: "It was early ruled by this court that newly discovered evidence was not a favored ground for new trial: 10 Ga. Reports, 512; Ibid, 500. If this ground was not favored then, how watchful of it should we be now? The incentives to caution have been multiplied within a few years past, tenfold, perhaps a hundredfold. From causes that have become history, and that are known to us all, the value of affidavits taken promiscuously has come to be low indeed. Only the most credulous of men would habitually regard the contents of such affidavits as sufficient to overcome the verdict of a jury. And unless it is reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered. 10 Georgia Reports, 512." In this case the alleged newly discovered evidence was only cumulative and impeaching, even if it did not plainly appear that the evidence was known prior to the trial, even though the whereabouts of the prospective witness was not known. The defendant himself testified that he paid Alex. Strozier certain moneys for repairing and remodeling the house in question. Alex's testimony, if he had been present, would only have been cumulative

of that of the defendant. The defendant and his counsel swear that they inquired of the whereabouts of Alex. Strozier prior to the trial; but the testimony upon the subject of diligence in discovering Alex. Strozier was such as to authorize the judge to find that the exercise of other diligence than that employed would have ascertained the whereabouts of the witness and enable the defendant to procure his testimony. Without going into all the details of the record and pointing out several defects in this ground of the motion as presented, we are clear in the opinion that in overruling the motion the court did not abuse his discretion.

*Judgment affirmed. All the Justices concur.*