32413. COMMERCIAL AUTO LOAN CORPORATION *v.* KEITH.

Decided April 26, 1949. Rehearing denied May 18, 1949.

270

*Powell, Goldstein, Frazer & Murphy, Newell Edenfield, James K. Rankin,* for plaintiff in error.

*Henry J. Fullbright Jr., Dunaway, Riley & Howard,* contra.

GARDNER, J. ■ It is well settled and indeed counsel for the plaintiff in error agree that a lessor may, by special provisions, limit the general rights of the lessee regarding the use of the demised premises. In the case of *Asa G. Candler Inc.* v. *Georgia Theater Co.*, 148 *Ga.* 188 (1) (96 S. E. 226), the Supreme Court said: "A lessor may by express provision limit the general rights of a lessee as regards the use of demised premises." We deem this sufficient on this principle without citing other authorities.

■ It is contended by the plaintiff in error that the lease contract now under consideration is inconsistent. This contention of inconsistency is based upon the provisions of paragraph 3 on the one hand, and paragraphs 25 (a) and 26 on the other hand. It is insisted very ably that, while the words, "loans and automobile financing purposes and no other," are set out in paragraph 3, a portion of this, to wit, "loans and automobile financing," was the only portion of that paragraph which was typewritten into the printed form furnished by the agent of the lessor; and that paragraph 25 (a), taken in connection with a special stipulation as set out in paragraph 26, which paragraph

26 is entirely typed as a special stipulation, should prevail; and that a proper construction of the contract, when thus construed, would authorize the plaintiff in error to sublet the premises in question for any legitimate purpose notwithstanding the provisions in paragraph 3. The Supreme Court, in *Rosen* v. *Wolff*, 152 *Ga.* 578, 588 (110 S. E. 877), had this to say: "But it may be said that the Federal System of Bakeries was authorized under its lease to sublet to any 'reputable business,' and this gave them the power to sublet the premises for any use. We do not so construe this provision. The provision in the lease that the lessee was only to use the premises for a bakery and for no other purpose, and the provision in regard to subletting, must be construed together. It would be a strange construction of this provision to hold that the lessee was restricted in the use of the premises to that of a bakery only, but was authorized immediately to sublet, with the landlord's consent, to another for any use or business. Construing the two provisions together, they mean that the lessee could sublet the premises to any reputable concern for the purpose of conducting a bakery. So, in our opinion, the Federal System of Bakeries did not acquire under its prior lease any right which would give it authority to lease these premises to another to conduct any business other than that of a bakery. Having no such right, it could not give to its tenant any greater right than it possessed." While the lease in that case is not identical with the lease in the instant case, nor are the facts, still we think that the principle involved is sufficiently analogous to be applicable, if indeed not controlling. Counsel for the defendant in error contends that that case is controlling. Counsel for the plaintiff in error contends in effect that, but for paragraph 25 (a) in the contract in the instant case, that case would be controlling. At least this is conceded in the argument. To this construction of the contract in the instant case we can not agree. We must construe the whole contract together and endeavor from its terms to ascertain the intention of the parties. We can not conclude that there is any inconsistency in the terms of the contract in the instant case. It would seem that, when we construe the contract as a whole and give effect to its provisions, there is no inconsistency. The plain

and express intent, to our minds, is shown by the provisions of paragraph 3 that the premises are to be used for "loans and automobile financing purposes and no other," and paragraph 25 (a) and paragraph 26 provide for the subletting of the premises by the lessee. If such authority to sublet is exercised by the lessee or its assigns, the premises must be sublet for purposes only as specified in paragraph 3. While it does not appear in the written brief, counsel for the plaintiff in error urged in his oral argument to the effect that the lessee did not want to sublet to a competitor. We can not follow the logic of this reasoning. It will be noted that in paragraph 26 the lessee has the right to sublet "all or any portion of the leased premises." The lessee might desire to go out of business; might desire to sublet a portion of it to a subsidiary. There are many other ways that one might think of where the lessee could sublet the premises or a portion thereof for the purposes provided for in paragraph 3.

We think that the trial court properly construed the contract involved in the instant case.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*