## 50502. KASUM COMMUNICATIONS, INC. v. CPI NORTH DRUID COMPANY.

MARSHALL, Judge.

The issue presented in this appeal is whether the trial court erred in entering as part of its judgment for the appellee, CPI, an award for $2,404.80 for attorney fees. The lease agreement between the appellant, Kasum, and CPI provided that if CPI had to collect the rent from Kasum through an attorney at law, Kasum agreed to pay 15% thereof as attorney fees. The lease also contained an acceleration clause for rent whenever Kasum defaulted under the lease. In its complaint, as amended, CPI prayed for $30,728 for 10 1/2 months "rent owing" and unpaid. The complaint also contained an "Attorney's Fee Notice" paragraph, wherein CPI informed Kasum of its intention to enforce the attorney fee provision of the lease. The trial judge, in its order granting CPI's motion for summary judgment, found that Kasum was chargeable for rent due for only six months ($16,032), and on the basis of that amount, awarded attorney fees to CPI for $2,404.80. Kasum's appeal asserts that the award of that attorney fee was erroneous because the notice of enforcement in the complaint was not given *after maturity* as required by Code Ann. § 20-506. Since the term of the lease was 10 years, Kasum's obligation for rent thereunder, it contends, was not to mature until 1984, and notice prior to that time violated the statute. *Held:*

Code § 20-506, as last amended by Ga. L. 1968, p. 317, provides in pertinent part: "(c). The holder of the note or other evidence of indebtedness, or his attorney at law, shall, *after maturity of the obligation,* notify in writing the maker, indorser or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, indorser or party sought to be held on said obligation has 10 days from the receipt of such notice to pay the principal and interest without the attorney's fees." (Emphasis supplied.)

Appellant's contention that the maturity of its obligation under the lease was not until 1984 overlooks the acceleration clause in the lease. That clause provides

that upon default by the lessee (Kasum), the lessor may declare "the entire amount of the rent which would become due and payable during the remainder of the term of the lease to be due and payable immediately, in which event, lessee agrees to pay same at once . . ." CPI accelerated the rent and demanded of Kasum full payment of all rents and had received no money whatsoever. Under these circumstances, Kasum's obligation had matured, and the notice given by CPI was in compliance with Code Ann. § 20-506.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED APRIL 7, 1975 — DECIDED JULY 2, 1975.

*Claude E. Hambrick, D. W. Latimore, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, William G. McDaniel,* for appellee.