## 53034. BURGESS v. CLERMONT PROPERTIES, INC. et al.

MARSHALL, Judge.

Burgess appeals from the grant of summary judgment in favor of appellees. The judgment was based on affidavits and depositions, submitted in support of appellees' allegations that Burgess defaulted in monthly rental and property taxes in the amount of $42,297.93 due appellees by virtue of a sublease of improved realty under which Burgess was an assignee. Burgess sets forth five reasons why the motion for summary judgment should not have been granted, which contentions are treated below seriatim. *Held:*

1. Burgess first contends the award of attorney fees was improper in that the 10-day notice required under Code § 20-506 (c) (as amended by Ga. L. 1968, p. 317) was not alleged or proved. Yet, appellees' complaint contains a prayer for attorney fees, and one of the appellees, Hugh Tanner, states in an affidavit that the requisite notice under Code § 20-506 (c) was given. Burgess does not deny or offer proof in contradiction of this fact. On motion for summary judgment, the party opposing the motion may not rely on mere allegations or denials in his pleadings, but must set forth specific facts showing there is a genuine issue for trial. "If he does not so respond, summary judgment, if appropriate, shall be entered against him." CPA § 56 (e) (Code Ann. § 81A-156 (e)); *State Hwy. Dept. v. Charles R. Shepherd, Inc.* 119 Ga. App. 872 (1) (168 SE2d 922). The fact of notice having been established and unrebutted no genuine issue remains on this question.

2. Burgess next contends that the sublease agreement and the assignment thereof may not be "other evidence of indebtedness" under Code § 20-506 (c) and that code section may not apply. He cites no authority for this position, and we find no reason why a lease may not be an "evidence of indebtedness." See, e.g., *Kasum Communications, Inc. v. CPI North Druid Co.,* 135 Ga. App. 314 (217 SE2d 492).

3. Burgess was not entitled to receive notice of sublessor's declaration of default, prior to lessor's bringing suit, contrary to his contention. Broad language

in the sublease agreement permitted sublessor to exercise "such remedy as may be and become necessary in order to preserve [sublessor's] right and the interest of [sublessor] in the premises . . . if under the particular circumstances then existing, the allowance of such grace . . . would endanger the rights . . . of the [sub]lessor . . ." Appellees have submitted evidence of three year arrearages in unpaid taxes and substantial unpaid rentals, which, in the absence of a showing to the contrary, establishes appellees' rights were endangered. Again, Burgess' failure to produce evidence to contradict the appellees' showing in this regard leaves no genuine issue of this matter. Code Ann. § 81A-156 (e).

4. Burgess further contends that the owner of the real estate in question is an indispensable party. He also contends that sublessors and assignors, Southland, MacDougald and Tanner, are improper parties plaintiff. Such defenses are waived because they were not raised by motion or in his original responsive pleadings. CPA § 12 (b) (Code Ann. § 81A-112 (b)); see *Christopher v. McGehee,* 124 Ga. App. 310 (2) (183 SE2d 624).

5. A failure to comply with the filing requirements under the original lease between the owner and lessee (later sublessee) has no effect on the validity of Burgess' assignment, which is governed by the terms of the sublease.

For all of the above reasons, Burgess has failed to show that a genuine issue remains for trial and that the trial court erred in granting summary judgment for appellees.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

Argued November 3, 1976 — Decided January 27, 1977.

*Sam G. Dettelbach,* for appellant.

*W. Pitts Carr, Freeman & Hawkins, Andrew M. Scherffius,* for appellees.