## 55338. RODDY STURDIVANT ENTERPRISES, INC. et al. v. NATIONAL ADVERTISING COMPANY.

SMITH, Judge.

Appellants appeal from the grant of summary judgment against them. They allege that summary judgment was improper since issues of fact remained as to whether appellant Roddy Sturdivant was liable individually on the note sued upon and that the trial court erred in entering a money judgment including a non-categorized award of $412.91 in addition to an award of $2,752.74 in total principal and interest due on the note. We affirm with direction.

1. The terms of the $3,000 note which appellant Sturdivant signed as maker specifically obligated him *"individually* and as an authorized officer of and acting for Roddy Sturdivant Enterprises, Inc." (Emphasis supplied.) Under these circumstances, appellant Sturdivant was, as a matter of law, individually liable on the note, and the trial court did not err in so holding.

2. Appellants and appellee agree that the noncategorized, $412.91 award included in the money judgment was intended to be an award of attorney fees under the note. The note authorized appellee, in the event it had to employ an attorney to recover on the note, to collect "a reasonable attorney's fee equal to the amount suggested by the local Bar Association or customary in similar cases involving like amounts." Contrary to appellants' contention, this provision of the note does not

in itself constitute price-fixing in violation of § 1 of the Sherman Act (15 USCA § 1). See Goldfarb v. Virginia State Bar, 421 U.S. 773 (95 SC 2004; 44 LE2d 572) (1975). Furthermore, in light of Code § 20-506(b)'s specifications of the amount of attorney fees to be awarded, it was not error for the court to award attorney fees in the absence of proof of the value of the attorney's services. *Goldstein v. Ipswich Hosiery Co.,* 104 Ga. App. 500 (5) (122 SE2d 339) (1961). However, the court did commit a mathematical error in applying Code § 20-506(b), and the judgment is affirmed with the direction that the trial court vacate the judgment and enter one awarding appellee $2,752.74 in total principal and interest and $300.27 in attorney fees.

*Judgment affirmed with direction. Deen, P. J., and Banke, J., concur.*

SUBMITTED FEBRUARY 2, 1978 — DECIDED APRIL 20, 1978.

*Harland, Cashin, Chambers, Davis & Doster, Thomas J. Venker,* for appellants.

*Zusmann, Sikes, Pritchard & Cohen, Dennis M. Hall,* for appellee.