## 56276. BUSH v. WYCHE.

BELL, Chief Judge.

This is a negligence action. Plaintiff alleged in his complaint that while operating his motor vehicle, he was involved in an automobile accident and was injured; that defendant operated an ambulance service; and that defendant's employees arrived at the scene of the accident and negligently handled the plaintiff, thereby aggravating his injuries. Defendant answered, denying the material allegations. The case proceeded to trial, and the jury returned a verdict for defendant. *Held:*

1. It was shown by the evidence that plaintiff suffered a broken neck in the accident and sometime shortly afterwards he was picked up by defendant's employees, placed on a stretcher and transported to a hospital via defendant's ambulance. Several of plaintiff's witnesses were not permitted to testify that just immediately prior to placing plaintiff on the stretcher that an unidentified bystander had stated in effect to defendant's employees that they should use a board to pick up plaintiff as he had a broken neck. The trial court excluded it as being hearsay and erred in not admitting it. This statement by an unknown bystander made at the time of the placement of plaintiff on the stretcher falls within the res gestae exception to the hearsay rule. Code §

38-305. However, the error was harmless as the plaintiff established by other witnesses' testimony this same evidence.

2. The plaintiff was asked how much he had paid for medicine purchased for treatment of his injury. He was not permitted to answer on the ground that the bills or invoices for these purchases would be the best evidence. The best evidence rule does not apply to fact of payment of the charges. *Hicks v. Hicks,* 196 Ga. 541 (27 SE2d 7). But again we hold the error harmless as this evidence would be relevant only to the issue of damages. As the evidence authorized the jury to find that defendant employees were not negligent or even if they were negligent, that plaintiff's disabling injury was not proximately caused by any negligence of defendant's employees but rather by the earlier vehicular accident, the issue of damages is not involved.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 30, 1978.

*H. G. Bozeman,* for appellant.
*H. Dale Thompson,* for appellee.