## 66282. FREEMAN v. LAMBERT.

CARLEY, Judge.
Appellee was sued for the wrongful death of appellant's daughter, who died from injuries received in a one-car crash. Appellant alleged that appellee was driving the car at the time of the

crash, while appellee contended that the deceased had been driving. The case was tried before a jury and a verdict was returned in favor of appellee. Appellant appeals.

1. Appellant asserts that the trial court erred in sustaining a hearsay objection to the admission of certain deposition testimony of the third occupant of the car. The testimony excluded was that, at some unspecified time after the crash, the deponent heard an unidentified bystander at the scene state something to the effect that "the guy was driving the car."

From the record it is clear that, of the three occupants of the car, the only "guy" who would have been capable of driving was appellee. The record also demonstrates that there was no showing with regard to whom the bystander's statement had been directed. However, according to the deponent's further testimony, he took it upon himself to correct the bystander and told him that appellee "wasn't driving the car." There was no showing that the bystander stood by his original statement concerning the driver of the vehicle after he had been corrected by the deponent. On this evidence, appellant contends that the hearsay testimony that a bystander stated "the guy was driving the car" should have been admitted under the res gestae exception to the hearsay rule.

Appellant relies upon *Bush v. Wyche,* 147 Ga. App. 807 (250 SE2d 553) (1978). In *Bush,* this court held that it was error to exclude testimony that an unidentified bystander had stated to the employees of an ambulance service, just before they placed the plaintiff on a stretcher, that they should use a board because the plaintiff had a broken neck. However, in contrast with *Bush,* wherein the circumstances showed at least inferentially that the unidentified declarant was present and that his declaration arose from personal observation, there was no showing in the instant case that the declarant had personally observed who had been driving the car at the time of the crash. Indeed, under the circumstances it is entirely possible that the bystander was engaging in idle speculation and accepted the subsequent correction by the deponent.

"The res gestae exception . . . dispenses with the presence of the declarant in court and with the administering of an oath, but it cannot properly dispense with the requirement that in some way, at least, and with some degree of persuasive force, it must appear that he was in reality a witness to the thing which he declared." 127 ALR 1022, 1031. "[T]he declarant must have had an opportunity to know the fact declared, i.e., have testimonial knowledge . . ." Green, Ga. Law of Evidence (2nd ed.), § 296, p. 459. Absent evidence showing that the declarant spoke from personal knowledge, the statement is reduced to a mere expression of an opinion or conclusion, which is

inadmissible. See *South Ga. Brokers v. Fidelity Bankers Life Ins. Co.,* 153 Ga. App. 503, 506 (265 SE2d 815) (1980); *Camp v. Ledford,* 103 Ga. App. 197, 199 (119 SE2d 54) (1961). Compare *Atlanta Consol. St. R. Co. v. Bagwell,* 107 Ga. 157 (5) (33 SE 191) (1899); *Whitley v. State,* 137 Ga. App. 68, 69 (2) (223 SE2d 17) (1975) (in which evidence showed declarant was present or saw the incident prompting the statement or declaration).

The trial court did not err in excluding the testimony. See *Eveready Cab Co. v. Wilhite,* 66 Ga. App. 815, 816 (2) (19 SE2d 343) (1942).

2. Appellant contends that the trial court erred by not granting her motion for new trial on the basis of newly discovered evidence. This evidence was in the form of an affidavit of an eyewitness who stated that he had seen a male driving the car just before the crash occurred. The affiant was discovered through an advertisement placed by appellant in the news media after the verdict and judgment had been entered in favor of appellee. In support of her motion for new trial, appellant submitted this affidavit as well as the affidavits of herself and her attorney which stated that the identity of the affiant had been unknown until after trial despite the pre-trial exercise of due diligence in searching for such a witness.

" '(I)t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' [Cit.]" *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357) (1971). "Failure to show one requirement is sufficient to deny a motion for new trial. [Cit.]" *Timberlake v. State,* 246 Ga. 488, 491 (271 SE2d 792) (1980).

"The mere assertion that the evidence could not have been discovered by ordinary diligence is insufficient. [Cits.]" *Timberlake v. State,* supra at 492. It was incumbent upon appellant and her attorney to show not only that they did not know of the newly discovered evidence at the time of trial, but also to "show *by facts* the exercise of due diligence on the part of both [her]self and [her] attorney, under which the new evidence was not and could not have been discovered. A recital . . . that the new evidence was unknown to the [party] or [her] counsel before and at the time of trial, and 'could not have been discovered by the exercise of ordinary diligence,' is a 'mere opinion on their part, and (gives) no facts by which the court

could judge of whether they had used due diligence or not, and whether the evidence could have been discovered before by such use.' [Cits.]" *Johnson v. State,* 196 Ga. 806, 807 (3a) (27 SE2d 749) (1943). See also *Lakes v. Lakes,* 171 Ga. 692 (1) (156 SE 620) (1930). A motion for a new trial will be denied where it appears that the degree of activity or diligence which led to the discovery of the evidence after the trial would have produced it had it been exercised prior thereto. See generally *Roach v. State,* 63 Ga. 362, 365 (1879). "A motion for new trial on the ground of newly discovered testimony is addressed to the sound discretion of the court and his judgment overruling the motion as to that ground will not be disturbed unless manifestly abused." *Lakes v. Lakes,* supra at 692 (2).

The trial court did not err in refusing to grant appellant's motion for new trial on the basis of newly discovered evidence.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 21, 1983 —
REHEARING DENIED NOVEMBER 4, 1983 — CERT. APPLIED FOR.

*J. Clinton Sumner, Jr., Carroll G. Jester, Jr.,* for appellant.
*Jackson B. Harris, William E. Davidson, Jr.,* for appellee.