67433. DUFF'S ENTERPRISES, INC. v. B. F. SAUL REAL ESTATE INVESTMENT TRUST.

SOGNIER, Judge.

B. F. Saul Real Estate Investment Trust sued its tenant, Duff's Enterprises, Inc., to recover rent and other sums allegedly due under

a shopping center lease. The Investment Trust moved for and was granted summary judgment in an amount which included past-due rent, interest, and attorney fees. Duff's appeals.

1. Appellant[1] contends that the trial court erred by granting summary judgment in favor of appellee in an amount totalling $34,500 when appellee offered evidence supporting a claim of only $28,448.63. This contention is without merit. The lease document, admitted by appellant, provided for interest at a rate not to exceed 18% per annum on sums not paid when due, and it is undisputed that this rate was used to compute the amount of interest awarded on judgment. *Recordex Corp. v. Southeastern Metal Prods.*, 147 Ga. App. 79, 80 (1C) (248 SE2d 159) (1978). The lease also provided for payment of attorney fees in collection of overdue amounts, and attorney fees were awarded at the rate of 10% pursuant to OCGA § 13-1-11. *Roddy Sturdivant Enterprises v. Nat. Advertising Co.*, 145 Ga. App. 706, 707 (244 SE2d 648) (1978). Appellee carried its burden of showing when each rental payment was due and payable and the amount owing. There was no error.

2. Appellant contends that an issue of fact remains as to whether appellee breached the lease by unreasonably refusing to consent to a subletting of the premises by appellant. The lease prohibits the assigning or subletting of the premises by the tenant without the prior written consent of the landlord. A separate provision of the lease states that "The Demised Premises shall be used and occupied by Tenant solely for the purpose of a smorgasbord and for no other purpose whatsoever." Appellant sought to sublet the premises after closing its business there, but while still paying rent. The only prospective sub-tenant submitted by appellant for appellee's approval planned to operate a nightclub/lounge on the premises.

The proposed use of the premises as a lounge for the purpose of serving alcoholic beverages is not the same, or reasonably similar, to the use prescribed in the lease — a smorgasbord, or arguably, a restaurant or other food service operation. Thus, the issue of the reasonableness of appellee's refusal to consent to subletting the premises is not before us as it might have been, had the appellee unreasonably withheld its consent to a sub-tenant *intending a like use*. Compare in this regard Homa-Goff Interiors v. Cowden, 350 S2d 1035 (Ala. 1977); Fernandez v. Vazquez, 397 S2d 1171 (Fla. App. 1981); Funk v. Funk, 633 P2d 586 (Idaho 1981); Scheinfeld v. Muntz TV, 214 NE2d 506 (Ill. 1966); Shaker Bldg. Co. v. Federal Lime & Stone Co., 277 NE2d 584 (Ohio 1971).[1] The lease provision requiring the landlord's consent

---

[1] Unlike some of the jurisdictions represented by the citations above, Georgia does not require mitigation of damages in lease contracts. *Peterson v. Midas Realty Corp.*, 160 Ga. App. 333, 334 (287 SE2d 61) (1981), and cases cited therein.

to subletting the premises must be construed together with the provision restricting use, *Rosen v. Wolff*, 152 Ga. 578, 588 (110 SE 877) (1921), and where the use of the premises is expressly limited as it is here, the tenant may not assign or sublet for a contrary use. *Commercial Auto Loan Corp. v. Keith*, 79 Ga. App. 268, 269 (53 SE2d 381) (1949). Cf. Arrington v. Walter E. Heller Intl. Corp., 333 NE2d 50, 58 (Ill. 1975); Shaker Bldg. Co., supra at 587. Contra, Ringwood Assoc. v. Jack's of Route 23, 379 A2d 508, 511 (N.J. 1977).

The trial court did not err by granting summary judgment in favor of appellee.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1984.

*David R. Lavance, Jr.*, for appellant.
*James G. Edwards II, W. Fred Orr II*, for appellee.