67774. COX v. FORD LEASING DEVELOPMENT COMPANY.

BIRDSONG, Judge.

By summary judgment in this declaratory judgment action, the trial court held that the tenant Ford Leasing Development Co. has the right to sublease appellant's property to third parties for use other than what was allegedly contemplated by the original lease. The appellant Cox contends the lease was founded on a covenant which restricted the tenant to use of the property as an automobile dealership or business, or which, at least as a consideration and obligation of the lease itself, contemplated that the use of the property would be so restricted.

In the pertinent clause, the "landlord acknowledges that Tenant intends to develop, use and occupy the Demised Premises for the [automobile dealership business] . . . [and] may be developed, used and occupied by Tenant for all the purposes (or such thereof as Tenant shall deem satisfactory for its business needs) hereinabove referred to in this Section. . . ." Appellant Cox contends this clause, as the stated purpose and inducement of the entire lease agreement, limited Ford's use of the premises, and that this was his intention in setting forth the intended use. Ford contends the clause is not restrictive, but merely permissive, as it fails to expressly restrict the use of the premises. See *Asa G. Candler, Inc. v. Ga. Theater Co.*, 148 Ga. 188 (96 SE 226); *Commercial Auto Loan Corp. v. Keith*, 79 Ga. App. 268 (53 SE2d 381).

The subject clause in this case is permissive only; it is merely "descriptive of what was rented, not a covenant on the part of the tenant" to conduct a certain business. *Lawrence v. White*, 131 Ga. 840, 849 (63 SE 631). The general rule is that "[w]hile a recital in a lease of the purposes for which the demised premises are let has been

held to constitute an express or an implied covenant on the part of the tenant to use them for no other purpose, ordinarily, in the absence of an exclusion of other purposes, a lease for a specific purpose is generally regarded as 'permissive' instead of 'restrictive,' and does not limit the use of the premises by the lessee to such purposes . . . . In order to establish a restriction, express language or language from which a restriction is clearly implied must be shown, so that, *in the absence of proof of an independent agreement to the effect that a restriction on the use of the premises was the consideration or inducement to the execution of the lease* . . . the tenant has the right to use the premises for any lawful purpose for which they are adapted." (Emphasis supplied.) 51C CJS, Landlord & Tenant, § 337 (b), pp. 860-861.

This is not a case where the conduct or performance of a certain business or function forms part of the express consideration or rental of the lease. See *Kroger Co. v. Bonny Corp.*, 134 Ga. App. 834 (216 SE2d 341). This is a mere possessory lease. The lessee has the right, by the lease terms, to freely sublease the premises without consent of the landlord. The landlord, as against the lease terms merely acknowledging and permitting the use to which the tenant intended to use the property, has not shown on his own motion for summary judgment, that the use of the premises for an automobile dealership was a "consideration or inducement to the execution of the lease." CJS, supra. He proposes only that the lease terms prevent any other usage, while clearly they do not.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 2, 1984.

*Joseph S. Crespi*, for appellant.
*William N. Withrow, Jr., Myron N. Kramer*, for appellee.