72766. COMMERCIAL UNION INSURANCE COMPANY v. SMITH.
(347 SE2d 701)

DEEN, Presiding Judge.

On June 23, 1982, Boston Commons Properties, Inc., by and through its president, appellee Richard L. Smith, applied for a surety bond from the appellant, Commercial Union Insurance Company (Commercial). The bond was issued in favor of the Atlanta Gas Light Company in the amount of $22,000. Smith also signed a special indemnity agreement in his individual capacity. In February 1983, the Atlanta Gas Light Company made a demand for the $22,000 under the bond, which Commercial paid after investigating the claim. Commercial subsequently commenced this action against Smith, seeking indemnity for that payment, and this appeal follows from the trial court's directing a verdict for Smith. *Held:*

The trial court directed a verdict for Smith on the basis that there had been no showing of good faith payment and no showing that the payment under the bond actually had been made. Review of the record, however, shows that any evidentiary deficit resulted from the trial court's erroneous exclusion of most of the evidence proffered by Commercial.

1. Initially, counsel for Commercial attempted (1) to adduce the testimony of Commercial's claims representative in charge of this particular claim, concerning the company's receipt of a letter of demand and a proof of claim filed by the Atlanta Gas Light Company in Smith's bankruptcy proceeding, and (2) to tender the actual documents. The trial court excluded this testimonial and documentary evidence ostensibly on the ground that it constituted hearsay. Under OCGA § 24-3-2, even as limited by the Supreme Court in *Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982) and *Teague v. State,* 252 Ga. 534 (314 SE2d 910) (1984), this evidence clearly was admissible as original evidence to explain the conduct of Commercial in investigating and ultimately paying the claim. The special indemnity agreement in question made Smith liable for disbursements made by Commer-

cial in good faith. Accordingly, Commercial's investigation of the claim constituted a primary issue on trial, and the excluded evidence certainly was relevant to that issue.

2. Invoking the best evidence rule, the trial court also incorrectly excluded (1) bills from a court reporter for depositions and from Equifax for its efforts to locate Smith, (2) the photostatic copies of Commercial's checks issued in payment of the bills, and (3) the photostatic copy of Commercial's check issued to the Atlanta Gas Light Company in payment of the claim. Admission of the actual bills certainly would not violate the best evidence rule.

Concerning the photostatic copies of the checks issued in payment of the bills and the claim itself, the claims representative explained that the original, cancelled checks were returned by the payor bank to Commercial's home office in another state, but that Commercial always made copies of such disbursements and maintained the copies in their company records as documentation of payment of a claim. Under these circumstances, the photostatic copies of the issued checks were admissible under OCGA § 24-5-26. See also *Hawkins v. State*, 167 Ga. App. 143 (3) (305 SE2d 797) (1983).

3. Seemingly laboring under the mistaken view that the only way Commercial could prove payment of the claim was to produce the cancelled check, the trial court did not allow the claims representative to testify that Commercial had paid the claim, and excluded a receipt of payment returned to Commercial by the utility company. "The best evidence rule does not apply to fact of payment of the charges. *Hicks v. Hicks*, 196 Ga. 541 (27 SE2d 7)." *Bush v. Wyche*, 147 Ga. App. 807, 808 (250 SE2d 553) (1978). Both the testimony and the receipt (for what it was worth) were admissible. *Classic Restorations v. Bean*, 155 Ga. App. 694, 698 (272 SE2d 557) (1980).

In summary, the trial court inflicted "a mortal wound in the vitals" of Commercial's case with its erroneous rulings, resulting in its direction of a verdict for Smith. *Miller v. Speight*, 61 Ga. 460, 463 (1878). This case must now be revitalized by reversing the trial court and ordering another trial.

*Judgment reversed. Benham and Beasley, JJ., concur.*

DECIDED JULY 10, 1986.

*Edwin A. Tate, Gary L. Seacrest*, for appellant.
*Alvin N. Siegel*, for appellee.