A89A0875. MORRIS et al. v. FUTCH.
(386 SE2d 905)

DEEN, Presiding Judge.

Appellant Morris is the owner of several lots in a Tifton, Georgia, subdivision; appellant Ford and appellee Futch own adjacent lots in the subdivision. In February 1987 appellee set fire to a pile of brush and debris he had gathered on the line between his own lot and appellant Ford's vacant lot. Futch walked about 100 feet to a nearby lake shore, and while he was fishing the fire spread across Ford's lot. Although some men working nearby called Futch's attention to the run-away fire, he allegedly permitted it to burn across Ford's lot and eventually across three vacant lots belonging to appellant Morris. The trees and other vegetation on these lots were damaged, and Ford and Morris filed a complaint in the Tift County Superior Court, seeking general and punitive damages.

The trial court granted the defendant/appellee's motion *in limine* prohibiting the introduction of evidence of any fires or other activity

on the plaintiffs' property subsequent to the date of the fire that gave rise to the action below. Plaintiffs moved for a directed verdict at the close of all the evidence, and after the jury had rendered a verdict for defendant, plaintiffs then moved for judgment notwithstanding the verdict. The motion was denied, and plaintiffs appeal, enumerating as error the following: (1) The trial court erred in denying the motions for directed verdict and judgment n.o.v. because the evidence demanded a verdict for plaintiffs; (2) the court erred in granting the motion *in limine*; (3) the trial court erred in giving appellee's requested and allegedly argumentative jury charge concerning innocent and willful trespassers; and (4) the court gave an allegedly erroneous version of appellants' requested jury charge regarding the necessity *vel non* for the award of nominal damages following any trespass. *Held*:

1. We find no merit in appellants' first enumeration of error. A verdict shall be directed only when the evidence *demands* — as distinguished from merely seeming to preponderate towards — a certain verdict. OCGA § 9-11-50 (a) requires "no conflict in the evidence as to any material issue" in order for a directed verdict to be authorized. See, e.g., *Findley v. McDaniel*, 158 Ga. App. 445 (280 SE2d 858) (1981). The standard for judgment notwithstanding the verdict, OCGA § 9-11-509 (b), is the same as that for the award of a directed verdict. *Hiers-Wright Assoc. v. Manufacturers Hanover &c. Corp.*, 182 Ga. App. 732 (356 SE2d 903) (1987); *Bryant v. Colvin*, 160 Ga. App. 442 (287 SE2d 238) (1981). The record in the instant case reveals the existence of factual questions which should properly have gone to the jury. We find no error here.

2. The transcript reveals that appellants sought to present the evidence covered by appellee's motion *in limine* only as bearing upon the issue of punitive damages, which the court elected to try separately in a bifurcated trial. Because the jury found for defendant/appellee on the issue of actual damages, the issue of punitive damages became moot, as does the enumeration of error.

3. Appellant's third enumeration consists of an objection to the court's giving appellees' requested jury instruction concerning the distinction between innocent and wilful trespassers. He contends, in essence, that this instruction was argumentative, biased, and misleading. In his fourth enumeration he finds error in the actual wording of the jury instruction on nominal damages, alleging that the use of the phrase "nominal damages may be allowed" misstates the law.

Scrutiny of the transcript shows that the instruction challenged in the third enumeration is correct in content and neutral in tone. The transcript further shows that, immediately before using the language complained of, the court had stated: "I charge you that the law infers some damage from the invasion of a property right . . . and if

no evidence is given of any particular amount of loss, [the law] declares the [property right] by awarding . . . nominal damages . . . [N]ominal damages are that sum awarded when an infraction of a plaintiff's right is shown but the amount of loss is not clear by a preponderance of the evidence." Immediately after the challenged language this sentence follows: "A recovery may be classified as . . . nominal damages where the violation of a right is shown, substantial damage is claimed, and some loss actually proven yet the damages are not susceptible of reasonable certainty of proof as to their extent."

In reviewing the challenged jury instructions as a whole and in the context both of the entire jury charge and of the evidence adduced at trial, we find them to be neither erroneous, argumentative, nor misleading. Appellants' third and fourth enumerations are therefore devoid of merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 26, 1989 —
REHEARING DENIED OCTOBER 10, 1989 — 

*Morris & Webster, F. Leonard Morris, Jr.,* for appellants.
*Simpson & Gray, Joseph B. Gray, Jr.,* for appellee.