A89A1640. COSTARIDES et al. v. SKELTON et al.
(388 SE2d 62)

DEEN, Presiding Judge.

The appellants, Vasiliki and Vasilios Costarides, commenced this action against the appellees, Elizabeth and Douglas Skelton, to recover for injuries allegedly sustained in an automobile collision which admittedly was the fault of Elizabeth Skelton. Following trial, the jury returned a verdict for the defendant appellees, and the Costarideses appeal. *Held*:

1. The appellants contend that the verdict is contrary to the evidence. The evidence showed that the day after the collision Vasiliki Costarides went to her doctor complaining of abdominal pain. The physician prescribed a mild analgesic, and next heard from her five days later when she was hospitalized for acute abdominal pain. He referred the case to a surgeon, who recommended and performed exploratory surgery, suspecting a ruptured spleen. The spleen, however, was normal, but a small hemmorhagic ovarian cyst was found. The surgeon indicated at trial that such cysts can produce pain, but that he did not believe this cyst could have produced the symptoms complained of by Mrs. Costarides. Following this hospitalization, Mrs. Costarides was treated for a urinary tract infection, attributed to catheterization during the hospitalization. At the time of Mrs. Costarides' hospitalization, however, her white blood cell count was slightly elevated, which could be indicative of infection.

Even though a verdict may be against the preponderance of the evidence, the appellate court cannot interfere with that verdict if it is supported by some evidence. *Energy Contractors v. Ga. Metal Systems &c.*, 186 Ga. App. 475 (367 SE2d 324) (1988). In the instant case, the evidence authorized the jury's finding that the collision had caused no personal injury to Mrs. Costarides.

2. The appellants also contend that the trial court made several errors in instructing the jury. None of those contentions has any merit.

The appellants' requested charges on negligence were unnecessary and inapplicable, since the appellees acknowledge fault for the collision, and the trial court did not err in omitting the charges. *Sapp v. Johnson*, 184 Ga. App. 603 (1) (362 SE2d 82) (1987). The requested charges on the family purpose doctrine, proximate cause, and pain and suffering were adequately covered in the trial court's standard charge. *Union Camp Corp. v. Daley*, 188 Ga. App. 756 (5) (374 SE2d 329) (1988). The appellants requested three separate charges covering

the same principle on scarring as an element of pain and suffering; the trial court gave one of the charges, and did not err in omitting the other two. The trial court also correctly omitted the requested charge on negligent and non-negligent activities as causes of an injury, because the charge was confusing, as well as the charge that if the jury found the defendants' negligence to be the proximate cause of the plaintiff's injuries, the jury could find the defendants liable, because that charge was argumentative. *Sapp v. Johnson,* supra. The appellants waived their present objection to the trial court's recharge, by failing to raise their objections below. *Morris v. DeLong,* 183 Ga. App. 124 (2) (358 SE2d 285) (1987).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 9, 1989.

*Richardson, Chenggis & Constantinides, Platon P. Constantinides,* for appellants.

*Greer, Klosik & Daugherty, John F. Daugherty, William L. Swank II,* for appellees.