## A90A1305. LEHMAN v. ZUCKERMAN et al.
### (400 SE2d 704)

COOPER, Judge.

Appellant, an experienced builder, and appellee Howard Zuckerman, a real estate investor, formed Seville Construction Group, a construction company in which appellant served as construction manager and Zuckerman was responsible for obtaining financing for company projects. Two other companies grew out of the construction company — Seville Equipment Leasing, which leased construction equipment to the construction company and Homes by Seville, which constructed single family homes. To supplement bank financing Zuckerman contributed his own money when necessary to complete projects, and when the real estate market began a downturn and the companies had difficulty covering expenses, Zuckerman provided more money to cover expenses. Eventually, Zuckerman decided to dissolve all three of the companies, and to facilitate the dissolution, appellant and Zuckerman executed a memorandum of understanding, which required appellant to repay Zuckerman what had been previously advanced for construction loans, material and subcontractor payments. When appellant refused to pay, Zuckerman brought the instant action to recover the principal balance plus interest. Zuckerman subsequently assigned his interest in the memorandum of understanding to Seville Holding Group, Ltd., which was added as a plaintiff to the

action. Appellant answered the complaint and asserted a counter-claim for fraud and breach of a stock transfer agreement. The jury returned a verdict for appellees in the amount of $273,808.62, and this appeal follows the trial court's entry of a judgment thereon.

1. In his first enumeration of error, appellant contends the verdict was not supported by the evidence because appellees failed to prove specifically what money was advanced for construction loans, material and subcontractor payments as provided in the memorandum. The record demonstrates that Zuckerman contributed a total of $675,914.07 toward the operation of the three companies, however, ultimately prayed in the complaint for $554,823.67, after adding interest and crediting reimbursements and the proceeds from the sale of two homes. At trial, Zuckerman testified that subsequent to the filing of the suit, other credits to the balance were identified which brought the total sought down to $413,256.19. The memorandum of understanding recited that as of its signing, the balance of funds owed to Zuckerman was $211,000. Appellant introduced into evidence a computerized list prepared by Zuckerman which identified each advancement made to the companies for which he sought reimbursement, the date, the amount, amounts repaid and periodic interest calculations. An official from the commercial real estate loan department of a bank provided a list of the bank's prime interest rate charges during the relevant time period. Appellant contends that appellees' damage calculation is erroneous and the product of guesswork, speculation and conjecture, pointing to Zuckerman's less than precise references to figures using the terms "probably" and "around" and his admissions that mistakes were made in the interest calculation and that the amount prayed for represented all the money he put into the companies, including some expenses not recoverable under the categories specified in the memorandum, i.e., salary paid to the office manager. Zuckerman, however, defended the inclusion of salary paid to appellant to induce him to remain until the dissolution concluded, computer maintenance and interest, payments on his personal automobile and interest on loans for funds he borrowed personally and used to cover the companies' shortfalls. Zuckerman admitted that his calculation contained errors, but maintained that the miscalculation "probably" benefited appellant "in the neighborhood" of "maybe" $1,000.

"Even though a verdict may be against the preponderance of the evidence, the appellate court cannot interfere with that verdict if it is supported by some evidence. [Cit.]" *Costarides v. Skelton*, 193 Ga. App. 470 (1) (388 SE2d 62) (1989). Contrary to appellant's contentions, in the instant case, there was sufficient evidence to determine the amount of damages with reasonable certainty. *Bennett v. Assoc. Food Stores*, 118 Ga. App. 711, 716 (165 SE2d 581) (1968).

2. In his second and third enumerations, appellant argues that

the trial court erred in refusing to grant a directed verdict based upon appellees' failure to prove damages stemming from the breach and failure to compute damages. "A verdict shall be directed only when the evidence *demands* — as distinguished from merely seeming to preponderate towards — a certain verdict. OCGA § 9-11-50 (a) requires 'no conflict in the evidence as to any material issue' in order for a directed verdict to be authorized. [Cit.]" *Morris v. Futch*, 193 Ga. App. 132 (1) (386 SE2d 905) (1989). The record demonstrates the existence of factual questions as to whether or not the damages claimed by appellees were recoverable under the memorandum; therefore, the trial court did not err in submitting the case to the jury.

3. Appellant next argues the trial court erred in permitting Zuckerman to testify as to appellees' damages over his objections based upon the best evidence rule and hearsay. Appellant contends that Zuckerman's testimony regarding his damages was not based on his own personal knowledge or on records he prepared, thus the testimony was inadmissible and further that Zuckerman should have been required to produce the checks representing his expenditures and statements evidencing the proceeds from the sale of property. The trial court did not err in admitting the testimony as proof of payment to the companies. The best evidence rule is applicable where the terms of a writing are material, in which case, the original writing must be produced. *Merrill Lynch &c. Smith v. Zimmerman*, 248 Ga. 580 (285 SE2d 181) (1981). " '[It] does not apply to fact of payment of the charges. [Cit.]' [Cit.]" *Commercial Union Ins. Co. v. Smith*, 179 Ga. App. 734 (3) (347 SE2d 701) (1986).

As to appellant's contentions regarding hearsay, review of the transcript reveals no timely objection to Zuckerman's testimony; hence, there is nothing for us to review. See *Ely v. State*, 192 Ga. App. 203 (3) (384 SE2d 268) (1989); *Warren v. Jenkins*, 190 Ga. App. 442 (2) (379 SE2d 19) (1989). This enumeration of error is without merit.

4. Appellant enumerates as error the admission of a chronological list prepared by Bank South of the prime rate from 1981 until 1989 as a business record. Appellant urges that no proper foundation was made for the introduction of the document. The bank employee testified that he was generally familiar with the method of record keeping at the bank and that it was in the regular course of the bank's business to make such a document. Contrary to appellant's contention, the witness stated that the list was made in the regular course of business at the bank, and his personal knowledge of the changes in the rate is not required. See *Hines v. Good Housekeeping Shop*, 161 Ga. App. 318 (5) (291 SE2d 238) (1982). We find, therefore, that the testimony provided a proper foundation, and the trial court did not err in admitting the list. See generally OCGA § 24-3-14; *WGNX, Inc. v.*

*Gorham*, 185 Ga. App. 489 (2) (364 SE2d 621) (1988).

5. Appellant contends the trial court erred in admitting his financial statement. Appellees maintain that the statement was necessary to demonstrate appellant's partial performance of the memorandum of understanding. Appellant charges that his verbal admission that he complied with the request for the statement was sufficient. The " '(a)dmissibility of evidence is a matter which rests largely within the sound discretion of the trial court.' [Cit]" *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (1) (386 SE2d 709) (1989). Furthermore, " ' "[i]t is axiomatic in Georgia appellate law that an appellant to secure a reversal must show not only error but harm." ' [Cit.]" *Estate of Sam Farkas v. Dougherty County School System*, 178 Ga. App. 135 (342 SE2d 501) (1986). Appellant has not demonstrated any harm in the admission of the statement; therefore, this enumeration is without merit.

6. Appellant also contends the court erred in failing to charge as follows: "If damages are of a sort susceptible of proof, compensation is not to be awarded in the discretion of the jury. Rather, the amount found by the jury must be authorized by the evidence." Our review of the charge as a whole shows that the substance of the charge above was amply covered by the court, although not in the exact language requested by appellant. Hence, there was no error in the denial of this request to charge. *Shaw v. McDonald's Restaurants of Ga.*, 191 Ga. App. 583 (2) (382 SE2d 632) (1989).

7. Appellant contends the trial court erred in charging the jury as follows: "I charge you that a representation is not fraudulent unless the complaining party has — was justified in relying thereon in the exercise of common prudence and diligence. Where the representation consists of general commendations or mere expressions of hope, opinion, expectation, and the like, the party to whom it is made is not justified in relying upon it and assuming it to be the truth. Rather, he is bound to make inquiry and examination for himself so as to ascertain the truth." Appellant argues that in the factual context of the instant case, the charge was an incorrect statement of law that confused the jury with respect to its consideration of the fraud claim, which charged that Zuckerman fraudulently procured appellant's acceptance of the memorandum and attempted to coerce from appellant sums to which Zuckerman was not entitled under the memorandum. While our review of the evidence adduced at trial reveals no misrepresentation with regard to the procurement of appellant's acceptance of the memorandum, we find there was ample evidence with regard to the expenditures for which Zuckerman sought reimbursement to support a charge on fraud; however, the court erred in its charge. " ' "One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relation of trust or confidence

exists. (Cits.) Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations. . . ." [Cits.]' However, a special relation of trust or confidence exists between partners, who owe a duty of 'utmost good faith' to each other. [Cit.] Because of that confidential relationship, one partner is entitled to rely on representations made by another partner. [Cit.]" *Allen v. Sanders*, 176 Ga. App. 647, 649 (1) (337 SE2d 428) (1985). In the instant case, there is sufficient evidence of the existence of a confidential relationship; Zuckerman and appellant were equal partners in the construction company, each providing his own expertise toward a common business objective. See *Vitner v. Funk*, 182 Ga. App. 39 (2) (354 SE2d 666) (1987). " 'When an error in the charge of the court is shown to exist, it is presumed to be prejudicial and harmful, and this court will so hold unless it appears from the entire record that the error is harmless.' [Cit.] As a fair risk exists that the charge directly misled the jury as to the [issue of justifiable reliance which is an element of the burden of proof for fraud in the context of a confidential relationship] and as the jury found in favor of the [appellee], 'it cannot be said that the error was rendered harmless by the jury's verdict. . . .' [Cit.] 'Harmful error results when an inapplicable instruction might reasonably draw the jury away from the true issues in dispute or if the erroneous instruction is inapplicable to a vital issue in the case.' [Cit.]" (Punctuation omitted.) *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 112 (2) (387 SE2d 144) (1989). Accordingly, we find harmful error resulted from the misleading charge.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 20, 1990 — ▮▮▮▮▮▮

*Vincent, Chorey, Taylor & Feil, Kenneth I. Sokolov*, for appellant.

*Howell W. Ragsdale, Jr.*, for appellees.