A95A2557. HOLMES et al. v. BOGINO et al.
(467 SE2d 197)

BEASLEY, Chief Judge.

In 1975, T. C. Holmes, Jr., leased certain commercial property to Windsor Beverages, Inc. Appellants-plaintiffs (landlords) are the successors in interest to Holmes. Appellees-defendants (tenants) are the assignees of Windsor. Landlords filed this dispossessory proceeding, seeking judgments against tenants, as well as their assignees, for unpaid rent and other charges due under the lease.

Landlords also sought interest and attorney fees under various provisions in the lease. With regard to interest, the applicable lease provision states that any amounts not paid by tenants to landlords within the times set forth in the lease shall bear interest from the date any such payment was due until paid "at two percent (2%) above the prime rate as determined from time to time by the Chase Manhattan Bank but not in excess of the highest legal rate of interest allowable." In the lease, tenants also agreed to pay "any reasonable attorney's fees incurred by landlord[s]" if, on account of any breach or default by tenants, it became necessary for landlords to employ an attorney to enforce or defend any of landlords' rights or remedies under the lease.

At a bench trial, landlords' witness testified without objection that he had acquired a history of Chase Manhattan's prime rate since

1934 and that the lowest prime rate of that bank during the period in question was six percent. Landlords calculated the interest due under the lease by adding two percentage points to this six percent figure.

In its final judgment, the court awarded to landlords $27,965.38 for unpaid rent and other charges. It declined to award interest, based on the ruling that landlords' proof of the Chase Manhattan Bank's prime rate was mere hearsay. The court concluded that landlords' attorney fee claim is subject to OCGA § 13-1-11 so as to limit their entitlement to fifteen percent of the first $500 and ten percent of all other amounts. See OCGA § 13-1-11 (a) (2).

1. Landlords enumerate as error the refusal to award interest. They contend that the court erred in ruling that their proof of the Chase Manhattan Bank's prime rate was mere hearsay. We agree.

Through the testimony of their witness, landlords made a showing of the applicable interest rate charged by the Chase Manhattan Bank during the period in question. Compare *Read v. Benedict*, 200 Ga. App. 4, 8 (3) (406 SE2d 488) (1991); *Garrett v. Atlantic Bank &c. Co.*, 157 Ga. App. 103 (1) (276 SE2d 152) (1981); *Moore v. Wachovia Mtg. Co.*, 138 Ga. App. 646, 647 (1) (226 SE2d 812) (1976). It does not affirmatively appear from the witness's testimony that he had personal knowledge of the fact to which he testified. However, it does not affirmatively appear that the witness was without such knowledge. Moreover, tenants did not object to the witness's testimony on grounds that he was not competent to testify to this fact or that a proper foundation had not been laid for admission of his testimony. Compare *Lehman v. Zuckerman*, 198 Ga. App. 202, 204 (4) (400 SE2d 704) (1990). Therefore, this case is governed by the rule that where a witness testifies to a fact, the presumption is that he is testifying from his own knowledge in the absence of anything to the contrary. *Johnson v. Woodward Lumber Co.*, 76 Ga. App. 152 (1) (45 SE2d 294) (1947). It was error to exclude this proof as hearsay.

2. Landlords contend that the court erred in ruling that their attorney fee claim is subject to OCGA § 13-1-11, in that a commercial lease does not constitute an "evidence of indebtedness" within the meaning of OCGA § 13-1-11.

In *Burgess v. Clermont Properties*, 141 Ga. App. 112 (2) (232 SE2d 627) (1977), this Court found "no reason why a lease may not be an 'evidence of indebtedness' " within the meaning of OCGA § 13-1-11. In other cases, OCGA § 13-1-11 has been applied unquestioningly to provisions in leases authorizing the landlord to recover attorney fees against a tenant in default. *Duff's Enterprises v. B. F. Saul &c. Trust*, 170 Ga. App. 9, 10 (1) (316 SE2d 21) (1984); *Kasum Communications v. CPI North Druid Co.*, 135 Ga. App. 314 (217 SE2d 492) (1975).

An examination of OCGA § 13-1-11 in its entirety shows that it is

generally intended to apply to obligations to pay attorney fees upon any note or other evidence of indebtedness under which principal and interest are owing. The rent and other charges which the lease required tenants to pay constituted the principal amount of their debt. The lease also required tenants to pay interest on unpaid amounts. Compare *Holcomb v. Evans*, 176 Ga. App. 654, 657 (3) (337 SE2d 435) (1985); *O'Brien's Irish Pub v. Gerlew Holdings*, 175 Ga. App. 162, 165 (4) (332 SE2d 920) (1985). This lease was thus an "evidence of indebtedness" within the meaning of OCGA § 13-1-11.

*Judgment reversed and case remanded for entry of a new judgment in conformity herewith. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 18, 1996.

*Chesnut & Livingston, Tom Pye*, for appellants.
*Spix, Krupp & Reece, Mark V. Spix, Edward F. Danowitz*, for appellees.