7506.　AMERICAN TRUST & BANKING CO. *v.* HARRIS, guardian.

1. It is competent for a depositor to testify that he deposited certain trust funds with a bank, and in so doing dealt with the cashier of the bank as cashier, and not as an individual.
2. Instructions given by the depositor to the cashier as to how the funds could be invested were admissible in a suit against the bank to recover the amount of the deposit.
3. Merely giving to the jury a synopsis of the contentions contained in the petition was not an intimation of an opinion on the part of the court upon the evidence, and could not so have impressed the jury, especially as it was preceded by the statement that the plaintiff "sets up in his petition," etc.
4. The exceptions to the charge of the court are without merit, and the verdict was authorized by the evidence.

DECIDED SEPTEMBER, 21, 1916.

Complaint; from city court of Albany—Clayton Jones. April 22, 1916.

*Pope & Bennet, Peacock & Gardner,* for plaintiff in error.

*Cruger Westbrook, R. J. Bacon, R. H. Ferrill,* contra.

HODGES, J. Harris, as guardian, sued the American Trust & Banking Company for a certain amount which he alleged was left on deposit with the bank. The evidence offered by the plaintiff showed that Harris authorized the bank, through its cashier, Sterne, to lend on good security the money so deposited; that instead of the bank lending the money on good security, the amount was used by Sterne, the cashier, and his note for the amount was tendered to the guardian, and the guardian declined to accept the note. According to the plaintiff's evidence, he was dealing with the bank, and not with Sterne in his individual capacity; and the money deposited by the plaintiff as guardian was surrendered by the bank to Sterne without notice to the plaintiff or without an order from him to do so. According to the evidence in behalf of the bank the plaintiff dealt with Sterne individually and authorized Sterne to lend the money to any one without security. The jury resolved the issue of fact in favor of the plaintiff, and by its verdict held the bank liable to the guardian. A motion for new trial was made and overruled. The questions presented are disposed of in the headnotes, and it is not necessary to add to what is there said. *Judgment affirmed.*