21773. DUMAS v. BEASLEY.

SUBMITTED SEPTEMBER 14, 1962—DECIDED OCTOBER 1, 1962.

*H. E. Edwards, D. B. Phillips,* for plaintiff in error.

*Clifford Oxford, Johnson, Oxford & Taylor, Thomas M. Stubbs, Jr.,* contra.

HEAD, Presiding Justice. Marian Virginia Dumas brought an action against Walter V. Beasley and others, in which she sought the cancellation of a warranty deed executed by her to Beasley. She alleged that: Beasley represented her as her attorney in securing a loan to discharge certain indebtedness on her described property. On his representation that they were necessary in order to secure the desired refinancing, she signed various documents without reading them, relying on their confidential relationship as attorney and client. On January 7, 1959, she was asked by her attorney to see him at his office for the purpose of executing another document, and unknown to her, she was required to execute a warranty deed to him conveying her described property. At this time she was called into her attorney's private office and was asked to sign a certain document, and

when she inquired of him what she was signing, he informed her that it was a loan deed. She sought further information from him about this document, and he caught her arm and twisted it to such an extent that her arm was injured, and in order to avoid a permanent injury to her hand and arm, she then signed the document. No consideration whatever was exchanged for the warranty deed obtained by the attorney.

At a pretrial conference the issue to be decided by the jury was limited to the following: "Plaintiff seeks to cancel a deed which plaintiff contends the execution of which was procured by the defendant, Walter V. Beasley's twisting the arm of the plaintiff in the defendant's office located at 1310 Atlanta Fed. Sa. Bl., Atlanta, Ga. Jan. 7, 1959." The transcript of the evidence shows that, at the beginning of the trial, the trial judge stated that the petitioner's attorney at a previous hearing had stated in open court that the entire case was based on the contention as set out above in the pretrial order.

The jury returned a verdict in favor of the defendant. The plaintiff filed a motion for new trial on the usual general grounds, which was amended by the addition of five special grounds, all relating to the limitation of the issues in the case by the pretrial order. It is stated by present counsel for the petitioner in the amended motion for new trial that counsel representing her on the trial improvidently and inadvertently agreed to the stipulation of the issue to be decided. It is asserted in grounds 1, 2, 3, and 4 of the amended motion that the trial judge erred in not modifying the stipulation of the issue, in order that the trial could have proceeded upon the issues made by the pleadings, rather than the sole question of whether or not the defendant twisted the petitioner's arm to force her against her will to execute the deed sought to be canceled. In ground 5 it is asserted that the judge erred in giving an instruction to the jury which limited the issue to be determined to the issue agreed upon at the pretrial conference. It is contended in these grounds that the exercise of the discretion of the trial judge in modifying a pretrial order is not dependent upon the request of the petitioner or her attorney, but that it is the sole responsibility of the trial judge to modify or discharge the stipulation in order

to protect litigants when a manifest injustice is apparent in the case.

The act of 1953 (Ga. L. 1953, Jan. Sess., p. 269), provides that in any civil action in the superior courts the court in its discretion may direct the attorneys for the parties to appear before it for a conference to consider the simplification of issues and other matters. Section 2 (*Code Ann.* § 81-1014) provides in part: "The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. . ."

There have been few cases in the appellate courts of this State construing this section of the pretrial procedure rules, and no case raising the question made by this record, whether a trial judge had abused his discretion in failing to modify a pretrial order, where no motion was made prior to or on the trial of the case for a modification of the order.

Section 2 of the 1953 act (*Code Ann.* § 81-1014) is practically identical with the Federal rule of pretrial procedure. 28 U.S.C.A., pp. 591, 592, Rule 16. In Washington v. General Motors Acceptance Corp., 19 F.R.D. 370, 372, it was held: "The defendant proceeded to trial and presented its defense upon its own theory of its case. One of the purposes of the Federal Rules of Civil procedure is to simplify procedure and expedite litigation. This purpose would be defeated if a litigant could choose the issue upon which he wants his case tried and then, after a jury has decided against him, have the verdict and judgment set aside and retry his case on a different theory. The pre-trial order entered incorporated the issues agreed upon by the parties. It was authorized by Rule 16 of the Federal Rules. When such an order is entered it controls the subsequent course of the action unless modified at the trial. . . No request was made to modify the order at any time prior to or during the trial, and the defendant is, therefore, bound by its provisions." See also

McCarthy v. Lerner Stores Corp., 9 F.R.D. 31; Fowler v. Crown-Zellerbach Corp., 163 F2d 773, 774.

The rulings in these Federal cases appear to us to be based on sound reasoning, and we think that it should be held to be the general rule in this State that if a litigant desires a modification of a pretrial order, application should be made to the trial judge either before or during the trial for such modification. While the trial judge might, under the particular facts of some case, modify the pretrial order without request to prevent manifest injustice, it is difficult to imagine any case where it could be held that the trial judge abused his discretion in failing to modify a pretrial order where there had been no motion for such modification before or during the trial. The record in the present case does not disclose any extraordinary circumstances calling for such a ruling. Counsel for the petitioner suggests that the pleadings be examined to determine that it was "manifest injustice" to the petitioner to limit the issue to that agreed upon by the attorney who represented her at the trial. It must be assumed, in the absence of any showing to the contrary, that the attorney representing her at that time limited the issue to the only one which he expected to be able to prove, and that his client concurred with him in this view.

We can not hold, under the record in this case, that the trial judge abused his discretion in failing to modify the pretrial order, and in submitting the case to the jury on the issue agreed upon in the pretrial conference.

The general grounds of the motion for new trial have not been argued in this court, and are considered as abandoned.

*Judgment affirmed. All the Justices concur.*