44622. GENERAL WHOLESALE COMPANY v. HERTZ CORPORATION.

DEEN, Judge. 1. The first two enumerations of error contend that the effect of the court's charge was to place the burden of proof on the plaintiff to show the negligence of the defendant, whereas after proof of bailment and loss the burden rested on the defendant to show lack of negligence. No objection was made in the trial court and these grounds will not be considered here. *Matthews v. Tucker Real Estate Co.,* 116 Ga. App. 214 (156 SE2d 669); *Caudell v. Sargent,* 118 Ga. App. 405 (164 SE2d 148).

2. In summarizing the contentions of the parties the trial court stated: "If you believe the beer company was told and knew and understood that the Hertz Company was not going to be responsible for the beer left on the truck, then of course it will be your duty to bring in a verdict for the defendant. But if you find the plaintiff has maintained its case by a legal preponderance of the evidence that it took the truck over there and left the beer there and that the defendant did not use ordinary care in looking after it, it would be your duty to find a verdict for the plaintiff." The court may state the contentions of the parties, and may summarize the evidence in regard thereto, without violating the inhibition of *Code* § 81-1104, providing he does not intimate an opinion as to what has or has not been proved. *Shiels v. Stark,* 14 Ga. 429; *American Trust &c. Co. v. Harris,* 18 Ga. App. 610 (89 SE 1095); *Kibbey Chevrolet, Inc. v. Anderson,* 111 Ga. App. 90 (140 SE2d 564).

3. The evidence showed that under a written lease the plaintiff

rented certain trucks from the defendant to be used in hauling beer and left the trucks in the defendant's yard at night. The lease contained provisions exempting the defendant from liability for the loss of goods left in the trucks when so stored. There was considerable testimony before the jury to which no objection was made as to the lease, the fact that the truck here involved from which beer had been stolen while it was on defendant's premises was not one of those listed on the lease, and that it had been at first intended that it be so listed but an oral short term agreement was entered into instead because the time provision on the lease did not meet plaintiff's needs regarding this particular truck. The lease provisions regarding lack of responsibility for contents by the bailor tended in some measure to show the course of dealing between the parties and thus to support the defendant's position that it had notified plaintiff of its lack of responsibility regarding the particular truck involved because the oral agreement was, except as to the length of time involved, the same as it was regarding the other trucks covered by the lease. Under the circumstances of this case the admission of the documentary evidence objected to was not reversible error.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*
Submitted September 2, 1969—Decided September 19, 1969.

*Long, Weinberg & Ansley, Charles E. Walker, John E. Talmadge,* for appellant.
*Henning, Chambers, Mabry & Crichton, E. Speer Mabry,* for appellee.