## 55410. GILBERT v. MEASON et al.

SHULMAN, Judge.

Appellant brought this action to rescind a stock purchase agreement and to recover the money he paid pursuant thereto. The asserted liability of appellees (directors of the corporation in which appellant bought stock) was predicated on appellant's contention that they participated in, knew of, or as reasonably prudent persons should have known of fraudulent misrepresentations allegedly made to appellant by their agent to induce appellant into purchasing the stock. The appeal is from a judgment entered on a jury verdict in favor of the directors.

1. The first enumeration of error complains of the exclusion from evidence of certain documents tendered by appellant. Those documents were proffered as evidence of

a violation of the Georgia Securities Act of 1957 other than the violation on which the action was based. The trial judge rules that the evidence was inadmissible on the ground that it injected into the case an issue not included in the pre-trial order. Appellant argues ably that it was relevant to one of the issues included in the order and contends that, even if a modification of the order were necessary to permit introduction of the documents, the judge should have made the modification sua sponte.

Appellees respond to that argument by contending that the evidence was not relevant and that, even if it were, it was inadmissible because of another section of the pre-trial order which listed the exhibits to be used at trial. The documents in question were not there listed.

Code Ann. § 81A-116 provides that a pre-trial order entered pursuant to that section ". . .controls the subsequent course of the action unless modified at the trial to prevent manifest injustice."

Appellant made no effort to have the pre-trial order modified to include the new issue or to include the documents in the list of exhibits. The Supreme Court addressed this situation in construing former Code Ann. § 81-1014 (which was later adopted almost verbatim as the last paragraph of Code Ann. § 81A-116): ". . .[W]e think that it should be held to be the general rule in this State that if a litigant desires a modification of a pretrial order, application should be made to the trial judge either before or during the trial for such modification. While the trial judge might, under the particular facts of some case, modify the pretrial order without request to prevent manifest injustice, it is difficult to imagine any case where it could be held that the trial judge abused his discretion in failing to modify a pretrial order where there had been no motion for such modification before or during the trial." *Dumas v. Beasley,* 218 Ga. 349, 352 (128 SE2d 59). See also *Echols v. Bridges,* 239 Ga. 25 (235 SE2d 535).

Since appellant did not request any modification of the pre-trial order, we find no error in the trial court's adherence thereto. The evidence was properly excluded.

2. At the close of all the evidence, appellant moved for a partial directed verdict as to liability. The trial court, in denying the motion, pointed out that, before the

corporate directors could be held liable, there would have to be a finding that the fraud allegedly perpetrated by their agent had occurred. Since that was still an issue of fact, he ruled, a directed verdict would be inappropriate.

Appellant argues that the evidence demanded a finding of liability *if* the jury found for him on the issue of fraud. However, appellant has cited no authority, and we have found none, which authorizes such a contingent directed verdict.

"If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Code Ann. § 81A-150 (a). The issue of fraud was material to a determination of liability. Because the evidence relating to the alleged fraud was in conflict, a particular verdict was not demanded and there was no error in refusing to direct a verdict as appellant requested.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 27, 1978 — DECIDED APRIL 11, 1978.

*Leonard S. Luckett,* for appellant.
*Whelchel & Whelchel, James C. Whelchel, Marvin W. Sorrells, Cook, Noell, Bates & Warnes, J. Vincent Cook, Dan A. Aldridge, Jr.,* for appellees.