### 69882. BROWN v. MOSELEY et al.
(333 SE2d 162)

BEASLEY, Judge.

Kathryn Brown brought an action for damages against T. J. Moseley, the driver, and Overnite Transportation Company, the owner of a tractor-trailer truck which on June 24, 1983, collided with an automobile in which Brown was a passenger and which was being driven by her daughter, Ms. Jones. The complaint alleged Brown was injured as a result of Moseley's negligent operation of the truck and that Overnite was liable because Moseley was its employee. General and special damages were sought against the allegedly joint and several tortfeasors. Defendants filed an answer which denied the material averments. The depositions of the plaintiff and her daughter were taken. They, plus an affidavit by Waldeen Jordan, an agent for Southeastern Fidelity Insurance Company, established the following facts.

In June 1983 before the incident, Ms. Jones made an application for "no-fault" insurance with Southeastern through its agent, Ms. Jordan, and made a down payment on the premium. Ms. Jordan submitted the application which she described as "incomplete" to Southeastern. After June 24, Ms. Brown made a claim for her injuries to Southeastern which denied it on the basis that coverage did not begin until after the collision. The agent then paid the sum of $495.84 in exchange for a release which was signed by Ms. Jones and Ms. Brown on March 3, 1984. According to Ms. Brown the money was for the purpose of repairing her daughter's automobile. The release provided that in return for the stated consideration, Ms. Jones and Ms. Brown "have remised, released, and forever discharged, . . . Waldeen A. Jordan and . . . her . . . successors and assigns, heirs, executors, administrators, and all other persons, firms, and corporations, of and from any and all claims, demands, rights, and causes of action whatsoever

kind and nature arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, and the consequences thereof, resulting, and to result, from a certain accident which happened on or about the 24th day of June 1983, for which we have claimed the said Waldeen A. Jordan to be legally liable, which liability is hereby expressly denied."

Apparently as a result of learning of the release during the deposition testimony of Ms. Brown, defendants filed a motion for summary judgment on the ground that there was no genuine issue of material fact and they were entitled to a judgment because Ms. Brown had released any and all claims arising from the "accident" of June 24, 1983.

Ms. Brown filed an affidavit in opposition to the motion which recited that neither defendant was a party to the release; that she at no time contemplated the release of any action against the defendants; that she had not been fully compensated for her injuries. After hearing, the court granted summary judgment to defendants. On appeal, Ms. Brown argues that summary judgment was improper because: 1) the affirmative defense of release had not been previously pleaded; and 2) there remained substantial issues of fact for determination. *Held*:

1. OCGA § 9-11-8 (c) requires that "in pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction . . ." as well as "release." However, it has been pointed out that it is too narrow a construction of such language to imply that affirmative defenses may be raised only by a pleading. Because a defendant may move for summary judgment where "there is no genuine issue as to any material fact" and one "is entitled to a judgment as a matter of law," summary judgment is proper where defendant shows the existence of an affirmative defense even though no answer was filed. *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 345 (2) (173 SE2d 723) (1970) (approved by the whole court decision of *Catalina v. Woodward*, 124 Ga. App. 26 (1) (182 SE2d 921) (1971), two judges dissenting).

The *Phillips* decision noted: "The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense. If it is not pleaded it is generally held that the defense is waived, but if it is raised by motion, or by special plea in connection with the answer or by motion for summary judgment there is no waiver." *Phillips v. State Farm Mut. Auto. Ins. Co.*, 121 Ga. App. 342, 346, supra. Accord *Daniel & Daniel v. Cosmopolitan Co.*, 146 Ga. App. 200, 201 (1) (245 SE2d 885) (1978).

Thus the first ground falls.

2. The rule has long been established that a release executed in

favor of one joint tortfeasor, in full settlement of damages, acts also as a release in favor of all joint tortfeasors. *Donaldson v. Carmichael*, 102 Ga. 40 (29 SE 135) (1897). As explained in *Knight v. Lowery*, 228 Ga. 452, 455 (185 SE2d 915) (1971): "The reasons underlying this doctrine are, first, that joint tortfeasors contribute to a single injury for which there is but one cause of action, and second, that once the damage has been paid in full by one joint tortfeasor, the injured party has no right to seek an additional or double recovery from another."

The former theory regarding property damages and personal injuries arising from a single act is found in *Gregory v. Schnurstein*, 212 Ga. 497 (93 SE2d 680) (1956) wherein it was held: "A single wrongful or negligent act, which injures both one's person and his property, gives but a single cause of action, and a settlement of the property damages will, where pleaded, bar an action on account of injuries to the person, where both items of damages are the result of a single wrongful or negligent act." This decision was overruled in *Glover v. Southern Bell Tel. &c. Co.*, 229 Ga. 874, 875 (195 SE2d 11) (1972) which pronounced that it would be against public policy not to permit parties to settle one facet of a claim while leaving the other open to further litigation. *Knight*, supra at 456, 457 held in part that as between an original and a successive tortfeasor, the release of one does not release the other unless: 1) all damages were paid in full; 2) the parties intended to release both tortfeasors. That decision also adopted the modern rule "that parol evidence may be admitted in favor of or against a stranger to a release to ascertain the true intention of the parties with regard to those persons who were to be bound or covered by the release."

*Knight* was overruled by *Maxey v. Hosp. Auth.*, 245 Ga. 480 (265 SE2d 779) (1980), with regard to the admissibility of parol evidence where the terms of the release were clear and unambiguous. However, *Maxey* was in turn overruled by *Williams v. Physicians &c. Community Hosp.*, 249 Ga. 588 (292 SE2d 705) (1982) which reinstated *Knight* as viable authority. There it was held: "[W]here a non-party to a general release claims coverage thereunder, parol evidence is admissible as an aid in explaining the intention of the parties to the release." Id. at 590.

Defendants here concede the efficacy of the rule but contend that it only applies to the situation of joint tortfeasors versus successor tortfeasors. They contend that since they are not successor tortfeasors the release operated to free them from liability.

In our view the language of *Williams* makes it clear that a so-called general release does not necessarily absolve strangers to the release agreement. The fact that one is not a party to the agreement is an important element, not whether one's status is as a joint or successive or entirely separate tortfeasor. There is an absence of considera-

tion regarding one who is a stranger to the agreement; no consideration was given by or for this non-party here.

It is difficult to conceive of a situation where the principles espoused in *Williams* are more applicable than in this case. Here the agent Jordan had no legal duty to the injured passenger Brown for any act of negligence connected with the happening of the collision. The basis for her liability would have been the failure to obtain insurance after accepting an application and a premium payment. Secondly, the consideration for the release was payment for property damage to Mr. Brown's daughter's automobile, not payment for Ms. Brown's personal injuries. Thirdly, neither Moseley nor Overnite were mentioned in the release and Ms. Jordan was not their agent, nor did they give any consideration whatsoever for it. They cannot get something for nothing. Under *Williams*, "[t]he burden of proving coverage under the release is on the party asserting that he is covered by the release." Id. at 593.

What evidence there was, other than the release itself, tended to show: 1) that Ms. Brown did not receive compensation for her loss, and 2) that there was no intent to release either of the present defendants. As *Williams*, reiterated, the controlling factors are questions which are properly resolved by the trier of fact. The proof in the record does not demand a finding for defendants and accordingly, it was error to grant summary judgment to them.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 1, 1985.

*Roger H. Anderson*, for appellant.
*Ronald Mullins, Jr.*, for appellees.