A90A0628. BRANTLEY COMPANY v. SIMMONS
(395 SE2d 656)

POPE, Judge.

The Brantley Company, plaintiff below, appeals from the trial court's grant of Ralph Simmons' motion for judgment notwithstanding the verdict (j.n.o.v.). The jury had returned a verdict of $15,165.27 on an open account against defendant Simmons and co-defendant

Jack Wall. At trial, plaintiff proceeded on the theory that Simmons had represented to its general manager that he and Jack Wall were partners in a farming venture and that Simmons had agreed to "stand good" for Wall's debt. In his motion for j.n.o.v., Simmons argued that because there was no writing signed by him in which he promised to pay Wall's debt, the Statute of Frauds was applicable and he could not be held liable. This was the basis upon which the trial court granted j.n.o.v. *Held*:

Plaintiff first argues that defendant's motion for j.n.o.v. was based on a ground not raised in his motion for directed verdict as required by OCGA § 9-11-50 (b). Our review of the record shows that defendant's motion for a directed verdict was on the basis that defendant never asked for any credit nor endorsed any credit and that under the UCC as it relates to retail sale of goods he could not orally agree to be responsible for the goods. The motion for j.n.o.v. was based upon the application of OCGA § 13-5-30, the Statute of Frauds. Although defendant argues his motion for directed verdict logically included § 13-5-30, we do not agree. OCGA § 9-11-8 (c) specifically lists the Statute of Frauds as an affirmative defense that must be raised by pleading or be waived. *Beck v. Johnston*, 118 Ga. App. 541 (164 SE2d 342) (1968); see also *New House Products v. Commercial Plastics &c. Corp.*, 141 Ga. App. 199 (1) (233 SE2d 45) (1977). Defendant never raised the defense, either in his pleadings, by motion or in the pre-trial order. We agree with plaintiff that the language used by defendant in his motion for directed verdict did not contain the ground raised in his motion for j.n.o.v. and even if it had, under the authorities set out above, the defense had been waived. It follows that the trial court erred in granting j.n.o.v. Because OCGA § 13-5-30 was the only ground urged in support of the motion for j.n.o.v., we need not consider the merits of defendant's alternative ground for directed verdict.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED JULY 3, 1990.

*Gibson & Jackson, Douglas L. Gibson*, for appellant.
*W. Vincent Settle III*, for appellee.