## A91A1913. BOWERS et al. v. HOWELL.
(417 SE2d 392)

BEASLEY, Judge.

Plaintiff, Alton Howell, brought this suit for $10,825 to foreclose a materialman's lien on Ted and Sharon Bowers' property, arising from his performance of a contract under which he made renovations and additions to their home. Following the return of a jury verdict in plaintiff's favor for $8,400 defendants appeal the trial court's denial of their motions for directed verdict, jnov, and new trial. They contend that the parties' contract is void and unenforceable in its entirety, in that plaintiff, who did electrical and plumbing work, had neither a plumbing nor an electrical contracting license.

Plaintiff testified that he has been a carpenter for 14 years, cannot read or write, and did not realize until doing this job that he needed a license to do electrical and plumbing work. The parties' contract was written by plaintiff's wife. It itemizes the work to be performed but not the price, which is stated as a sum of $11,975. The contract required plaintiff to build a 20´ by 30´ bedroom; to construct flooring, roofing, and a closet; to install insulation, sheeting decking, interior and exterior doors, exterior siding; and windows, as well as a cabinet, tub, commode, and vanity; to do interior and exterior painting; and to remove walls and wallpaper. In regard to electrical work, the contract called for plaintiff to install a 200 amp switch box with breakers and to wire new rooms for outlets and lights.

The only major complaint concerning the wiring was that the dryer overheated and almost caught fire, but plaintiff attributed this to the appliance and not the wiring. The only plumbing work done by plaintiff was to connect the commode and lavatories to the water supply. The remaining plumbing was done by a subcontractor.

Although defendants made an initial payment to plaintiff in the amount of $1,150, they refused to pay the remainder on grounds he had failed to substantially complete the work and there were numerous defects.

1. "[W]here a statute provides that persons proposing to engage

in a certain business shall procure a license before being authorized to do so, and where it appears from the terms of the statute that it was enacted not merely as a revenue measure but was intended as a regulation of such business in the interest of the public, contracts made in violation of such statute are void and unenforceable.' [Cits.]" *Bernstein v. Peters*, 68 Ga. App. 218, 221 (1) (22 SE2d 614) (1942); accord *Robinson v. Colonial Discount Co.*, 106 Ga. App. 274, 277 (3) (126 SE2d 824) (1962). "Accordingly, at whatever stage of the proceedings it appears that the plaintiff is seeking to recover upon a contract permitted to be entered into only by persons holding licenses issued as a regulatory measure, it becomes imperative for the plaintiff to prove that he holds such a license and held such license at the time the contract was entered into in order to authorize a recovery." *Management Search v. Kinard*, 231 Ga. 26, 29 (3) (199 SE2d 899) (1973).

"No person shall engage in the electrical contracting business as an electrical contractor unless such person has a valid license. . . ." OCGA § 43-14-8 (a). "No person shall engage in the business of plumbing as a master plumber unless such person has a valid license. . . ." OCGA § 43-14-8 (b) (1). These licensing requirements are intended for the protection of the public against faulty, inadequate, inefficient, or unsafe electrical or plumbing work. OCGA § 43-14-1.

Plaintiff argues that his failure to procure a license raises the affirmative defense of illegality, which has been waived by defendants since it was not pled as required by OCGA § 9-11-8 (c) and was not made an issue in the pretrial order pursuant to OCGA § 9-11-16 (b). Defendants respond that plaintiff cannot argue that they waived this defense, since evidence that plaintiff did not possess the required license was admitted without objection at trial. "[T]he purpose of the pleading rules set out in CPA § 8, supra, is 'to prevent surprise and to give the opposing party fair notice of what he must meet as a defense.' [Cit.] . . . ' "[F]ailure to plead an affirmative defense is immaterial if evidence of the defense is introduced and not objected to for failure to plead it, and no surprise is claimed." ' " *Hall v. First Nat. Bank of Atlanta*, 145 Ga. App. 267, 269-270 (3) (243 SE2d 569) (1978).

Under OCGA § 9-11-15 (b), "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Implied consent usually is found where one party raises an issue material to the other party's case, or where evidence is introduced without objection. *Carreras v. Austell Box Bd. Corp.*, 154 Ga. App. 135, 137 (2) (267 SE2d 792) (1980).

"The fact that [defendants] did not raise the issue in the pretrial order is not controlling where evidence is introduced on the issue

without objection; the opposing party is not surprised; and the issue is litigated. [Cit.] Rule 16 must always be considered in light of the *mandatory* provisions of Rule 15 (b), [cit.], and the test of implied amendment of pleadings should always be whether the opposing party had a fair opportunity to defend, offer evidence or was misled. [Cit.]" (Emphasis in original.) Id. at 138.

The defense of illegality was not waived.

2. Plaintiff maintains that defendants' failure to assert the defense of illegality before trial misled him and prejudiced his case, in that pretrial notice would have allowed him to more effectively present evidence that the parties' contract was severable. "A contract may be either entire or severable. In an entire contract, the whole contract stands or falls together. In a severable contract, the failure of a distinct part does not void the remainder." OCGA § 13-1-8 (a). "The character of the contract in such case is determined by the intention of the parties." OCGA § 13-1-8 (b); *Hunnicutt & Bellingrath Co. v. Van Hoose*, 111 Ga. 518 (36 SE 669) (1900); see also OCGA § 13-8-1. " '[W]here an agreement consists of a single promise, based on a single consideration, if either is illegal, the whole contract is void. But where the agreement is founded on a legal consideration containing a promise to do several things or to refrain from doing several things, and some only of the promises are illegal, the promises which are not illegal will be held to be valid.' [Cits. omitted.]" *Kem Mfg. Corp. v. Sant*, 182 Ga. App. 135, 140 (4) (355 SE2d 437) (1987). Contracts void as against public policy or merely legally unenforceable "may be severable so that the entire contract not be void but merely unenforceable as to 'that which is illegal.' [Cits.]" *Johnson v. Frazier*, 121 Ga. App. 212, 213 (3) (173 SE2d 434) (1970).

Issues concerning the severability of the parties' contract were jury questions. The contract called for the plaintiff to do extensive construction in addition to electrical and plumbing work. In awarding the plaintiff some but not all of the monies payable under the contract, the jury could have found that plaintiff was entitled to be compensated for the enforceable provisions of the contract only. Viewing the evidence in a light most favorable to the verdict requires an affirmance of the judgment.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

Decided March 13, 1992 —
Reconsideration denied April 1, 1992.

*Thomas M. Strickland*, for appellants.
*Heard, Leverett & Phelps, Richard D. Campbell*, for appellee.