A93A0251. MORRIS v. NATIONAL WESTERN LIFE
INSURANCE COMPANY.
(430 SE2d 813)

BEASLEY, Presiding Judge.

National Western Life Insurance Company ("National") instituted suit against Morris, a former general agent, to recover premium advances. Morris counterclaimed, alleging both contract and tort claims. At trial, the trial court directed a verdict for National on Morris' tort counterclaim. The jury returned a verdict of $97,790 for National on the main claim, and in favor of National on Morris' contract counterclaim.

1. In three enumerations of error, Morris challenges the trial court's admission into evidence of computer-generated summaries.

(a) An exception to the hearsay rule is permitted by statute for records satisfying the requirements of OCGA § 24-3-14. *Allen v. State*, 248 Ga. 676, 680 (286 SE2d 3) (1982).

(b) Morris' contention that the summaries were not available to him before trial is not considered because the record does not indicate that he sought them or any documents from National in discovery, or that National did not respond. *Green v. Sun Trust Banks*, 197 Ga. App. 804 (1) (399 SE2d 712) (1990).

(c) The claim that the summaries were generated for trial and not in the regular course of business is belied by the record. Moreover, although a summary prepared in support of a demand for payment may not qualify as a business record under OCGA § 24-3-14, see generally *Gateway Leasing Corp. v. Heath*, 168 Ga. App. 858, 860 (310 SE2d 549) (1983), summarized statements of what records show are admissible if the records themselves are accessible to the court and the parties. *Tyner v. Sheriff*, 164 Ga. App. 360 (2) (297 SE2d 114) (1982).

Richardson, an assistant vice president of National, was the custodian of the contract files and commission records. She detailed National's record-keeping practices and showed that all information for the summaries was entered into the computer contemporaneously with the events it recorded, in the regular course of business. Although no reports may actually have been *printed* contemporaneously, the summaries were "available" because the information was continuously stored in the computer and summaries could have been printed at any time. Thus, a proper foundation was laid. See *WGNX, Inc. v. Gorham*, 185 Ga. App. 489, 490 (3) (364 SE2d 621) (1988); *Cotton v. John W. Eshelman & Sons*, 137 Ga. App. 360, 363-365 (3) (223 SE2d 757) (1976).

2. Morris contends that the court erred in granting National's motion for a directed verdict on his tort counterclaim. The court's reason for doing so was that Morris' evidence at trial was on a cause of action, conversion, he did not plead, include in his statement of the issues to be determined at trial in the pretrial order, or move to add to the pretrial order.

The counterclaim originally consisted of four counts, two in contract, one for tortious interference with contractual relations, and one for libel and slander. The latter count was withdrawn prior to trial. In the section of the pretrial order listing issues for jury determination, the only tort issue identified by Morris was tortious interference with contract. No claim for conversion was alleged either in the counterclaim or in the pretrial order. At trial, the only evidence adduced by Morris supporting his tort claim was directed at showing that Na-

tional had wrongfully withheld his commissions and converted them to its own use.

OCGA § 9-11-16 (b) provides, in pertinent part, that a pretrial order, "when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." The preclusion of issues by the pretrial order is within the discretion of the trial court. *Echols v. Bridges*, 239 Ga. 25, 27 (235 SE2d 535) (1977). "The Supreme Court addressed this situation in construing former Code Ann. § 81-1014 (which was later adopted almost verbatim as the last paragraph of [former] Code Ann. § 81A-116 [now OCGA § 9-11-16]): '. . . (W)e think that it should be held to be the general rule in this State that if a litigant desires a modification of a pretrial order, application should be made to the trial judge either before or during the trial for such modification. While the trial judge might, under the particular facts of some case, modify the pretrial order without request to prevent manifest injustice, it is difficult to imagine any case where it could be held that the trial judge abused his discretion in failing to modify a pretrial order where there had been no motion for such modification before or during the trial.' [Cits.] Since appellant did not request any modification of the pre-trial order, we find no error in the trial court's adherence thereto." *Gilbert v. Meason*, 145 Ga. App. 662, 663 (1) (244 SE2d 601) (1978). The same applies here.

Even if Morris had obtained leave to amend the counterclaim to include conversion, such an action lies only for the withholding of "certain bills or coins" and does not lie on account of a mere failure to pay money due under a contract. *Faircloth v. A. L. Williams & Assoc.*, 206 Ga. App. 764 (1) (426 SE2d 601) (1992); *Hodgskin v. Markatron*, 185 Ga. App. 750, 751 (1) (365 SE2d 494) (1988); *Cooke v. Bryant*, 103 Ga. 727 (30 SE 435) (1898). Morris claimed only the latter, which cannot constitute conversion. Since his only proof of a tort was in support of his "conversion" claim, a directed verdict was proper.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 5, 1993.

*Richard Phillips*, for appellant.

*Lamberth, Bonapfel, Cifelli, Willson & Stokes, Stuart F. Clayton, Jr.*, for appellee.