A94A0853. ARCHER et al. v. CARSON et al.
A94A0854. DBL, INC. v. CARSON et al.
(444 SE2d 82)

BIRDSONG, Presiding Judge.

As these appeals arise from the same action below and concern the same lease, they have been consolidated for disposition on appeal. Both appellants generally contend the trial court construed the contract improperly.

The record shows that in 1972 Edwin W. Carson and John A. G. Carson leased property known as Sail Harbor Marina to Baker Yachts, Inc., for a period of ten years. The lease also contained a provision granting the lessee two options for successive ten-year terms. The parties agree, however, that this provision was unenforceable because the option provision did not contain the terms of the options, and thus was merely an agreement to agree. In 1977, however, for $6,000 consideration the Carsons agreed to an amendment to the lease that, in effect, extended the lease from May 1982, through April

1992.

Thereafter, all the stock of Baker Yachts was sold to George Archer and Robert D. Noble, and Archer and Noble operated the Sail Harbor Marina under the lease. Subsequently, Archer and Noble as Baker Yachts assigned the lease to DBL, Inc., and DBL continued operation of the marina under the lease. After the death of their father John A. G. Carson, Sue Woodley, Brenda C. Rotureau and Carol C. Bauman inherited his share of the leased property.

The controversy giving rise to this litigation began in 1992 when DBL advised the lessors that it intended to exercise a second option that would extend the lease until 2002. At this point, the lessors advised DBL that there was no second option because the lease provision DBL relied upon was merely an unenforceable agreement to reach an agreement. Thereafter, DBL, Inc. filed a petition for specific performance of the option provision, and after the lessors answered the petition and filed a counterclaim for a declaratory judgment, Archer and Noble intervened in the action as defendants to the counterclaim.

Subsequently, DBL dismissed the specific performance claim and by agreement the declaratory judgment action was tried by the court without a jury. Thereafter, based upon the lease as amended and testimony of the parties, the trial court found that there was no enforceable second option period. DBL, Inc. and Archer and Noble filed appeals.

Archer and Noble contend the trial court erred by assuming that an ambiguity existed in the lease as amended, erred by failing to apply appropriate rules of contract construction to the 1977 amendment to the lease, erred by failing to construe the lease against the lessor, erred by finding that Archer and Noble personally guaranteed the leasehold obligations of DBL, and erred by finding the 1977 amendment to the lease was not drafted on behalf of the Carsons.

The original 1972 contract clause on the option provides: "Lessors hereby grant to lessee options to renew this lease at separate times for two additional and successive ten (10) year periods beyond the 1st day of May, 1982, upon the same conditions as are set forth herein with the exception of the amount of rent to be paid, which amount shall be negotiable. PROVIDED HOWEVER, in order to exercise said options lessee shall be required to give lessors not less than ninety (90) days notice in writing prior to the end of the then current term of its desire to renew this lease, and if during said ninety (90) day period, or during any extension thereof, the lessors and the lessee have not agreed upon the rent to be paid, this lease shall automatically terminate." The parties agree that, as written, this provision would have been unenforceable.

The 1977 "Amendment and Supplement to Lease Agreement,"

however, amended paragraph 3 of the original lease by adding "commencing on the 1st day of May, 1982, the lessee shall pay to the lessors as rent, the sum of $1,600.00 per month for a period of 5 years from the date of commencement. It is further agreed commencing on the 1st day of May, 1987, the lessee shall pay to the lessors as rent, the sum of $1,800.00 per month for a period of 5 years, terminating April 30, 1992. . . .

"The parties hereto agree and declare that all provisions in the original lease that are in conflict with the provisions contained in this instrument to be null and void. All remaining parts and provisions of said original contract to remain in full force and effect.

"The parties further agree that the original lease is amended as follows: By adding a new paragraph after paragraph 23 on page 9, the new paragraph numbered 23-A to read as follows: '23-A. Lessors hereby grant to lessee an option to renew this lease for an additional ten (10) years beyond May 1, 1992, upon the same conditions as are set forth or amended. PROVIDED, HOWEVER in order to exercise said option, lessee shall be required to give lessors not less than ninety (90) days notice in writing, prior to May 1, 1992, of its desire to renew this lease."

The trial court assumed, but did not decide, that the lease and amendment were ambiguous and applied the rule of contract construction that the intention of the parties was paramount. The trial court determined the intention of the parties by receiving parol evidence on this issue and found that the lessors' evidence was more persuasive. Based upon this evidence, the trial court concluded there was no valid option to renew the lease and that the lease terminated on April 30, 1992. *Held*:

1. Whether a contract is ambiguous is a question of law for the court, but if the court determines that there is an ambiguity, this does not mean that a jury issue is present. It is only after the court finds an ambiguity and unsuccessfully attempts to resolve the ambiguity through application of the rules of contract construction (see OCGA § 13-2-2) that a question of fact exists. *Capital Ford Truck Sales v. U. S. Fire Ins. Co.*, 180 Ga. App. 413, 417-418 (349 SE2d 201). Accordingly, the trial court erred by "assuming" that an ambiguity existed.

2. Moreover, contrary to the allegations of the lessors and the conclusion of the trial court, the option provision in the 1977 amendment to the lease is not ambiguous. This paragraph states "lessors hereby grant to lessee an option to renew this lease for an additional ten (10) years beyond May 1, 1992, upon the same conditions as are set forth or amended." Ambiguity is " 'duplicity, indistinctness, an uncertainty of meaning or expression.' " *Tarbutton v. Duggan*, 45 Ga. App. 31 (5) (163 SE 298). Thus, a word or phrase is ambiguous

" ' "when it is of uncertain meaning and may be fairly understood in more ways than one." ' " *Kusuma v. Metametrix, Inc.*, 191 Ga. App. 255, 256 (381 SE2d 322). Further, "[l]anguage which is unambiguous will not be construed as ambiguous based on extrinsic circumstances." *Walton v. Datry*, 185 Ga. App. 88, 94 (363 SE2d 295). "The cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." OCGA § 13-2-3. Only one reasonable understanding arises from this paragraph in the amendment, and as the contract is not ambiguous as to this term, parol evidence cannot be admitted to aid in construing it. See generally *Buice Grading &c. v. Bales*, 187 Ga. App. 263, 265 (370 SE2d 26). "Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties." *Health Svc. Centers v. Boddy*, 257 Ga. 378, 380 (359 SE2d 659). Moreover, the 1977 amendment to the lease provided that "the parties hereto agree and declare that all provisions in the original lease that are in conflict with the provisions contained in this instrument to be null and void." Therefore, any argument that the original option provision somehow controls the amendment is without support. Accordingly, after examination of the lease and the amendment on their four corners, we find it was the intention of the parties to grant the lessees the option to renew the lease for an additional ten years commencing in May 1992, under the terms as then existed in the lease, i.e., for a monthly rent of $1,800.

3. In view of our disposition in Divisions 1 and 2, appellants' contentions regarding the trial court's other errors in construction of the contract are moot.

4. Regarding the trial court's conclusion that Archer and Noble orally personally guaranteed the lease obligations of DBL, Inc., such oral guaranties are unenforceable. OCGA § 13-5-30 (2).

*Judgments reversed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 22, 1994 —
RECONSIDERATION DENIED MAY 9, 1994 —

*Adams & Ellis, David W. Adams, Thomas L. Cole*, for Archer.
*H. Lehman Franklin, Jr.*, for DBL, Inc.
*Weiner, Shearouse, Weitz, Greenberg & Shawe, N. Harvey Weitz, Edwin R. Byck, Kathleen Aderhold*, for appellees.