A94A1105. HATHAWAY v. BISHOP.
(449 SE2d 318)

JOHNSON, Judge.
E. Neil Bishop sued S & H Products, Inc. and one of its officers, Gary Hathaway, alleging breach of a lease agreement. The parties stipulated that S & H is liable for breaching the lease and that Bishop's damages amount to $66,799. The case proceeded to a jury trial to determine whether Hathaway is personally liable for the breach of the lease. The jury returned a verdict in favor of Bishop and the trial court entered judgment on that verdict. Hathaway appeals.

1. Hathaway claims that the court improperly gave jury charges which expressed the court's opinion as to the evidence. See OCGA § 9-10-7. The charges complained of were merely the court's synopsis

of Bishop's contentions. Along with that synopsis, the court instructed the jury that Hathaway opposed each of Bishop's contentions and that Bishop had the burden of proof. After giving the challenged charges, the court emphasized to the jury "that anything that the court did or said during the trial of the case did not indicate, hint or suggest to you which side should prevail." In the context of the entire charge, we conclude that the mere synopsis of Bishop's contentions did not intimate an opinion by the court upon the evidence. See *Gen. Wholesale Co. v. Hertz Corp.*, 120 Ga. App. 319 (2) (170 SE2d 310) (1969); *American Trust &c. Co. v. Harris*, 18 Ga. App. 610, hn. 3 (89 SE 1095) (1916).

2. Hathaway asserts that the court erred in refusing to charge the jury that under the statute of frauds a promise guaranteeing another's debt must be in writing to be enforceable. The court refused to give the charge on the ground that Hathaway waived the statute of frauds as an affirmative defense by failing to raise it in the pretrial order which superseded the parties' pleadings. "[A] pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of contested issues." (Citation and punctuation omitted.) *Fussell v. Carl E. Jones Dev. Co.*, 207 Ga. App. 521, 522-523 (1) (b) (428 SE2d 426) (1993). In the instant pretrial order, Bishop sets forth two theories of recovery against Hathaway; that both Hathaway and S & H entered into the lease agreement and that Hathaway "agreed to guarantee the obligations of the tenant [S & H] under the lease." In response, Hathaway states he is not a party to the lease and "he is not individually liable to the Plaintiff in any sum whatsoever." The pretrial order also provides one of the issues for determination by the jury is, "Did Gary P. Hathaway agree to guarantee the tenant's obligations under the lease?" Liberally construing the pretrial order, the question of whether Hathaway is personally liable under an enforceable guarantee, which must be in writing, is certainly within the ambit of contested issues. The trial court abused its discretion in finding this issue was not contained in the pretrial order.

Even if the issue was omitted from the pretrial order, the court should have found it was implicitly added to the order by the parties. Omission of an affirmative defense from a pretrial order is not controlling if evidence pertaining to the issue is introduced without objection, the opposing party is not unfairly surprised, and the issue is actually litigated. *Bowers v. Howell*, 203 Ga. App. 636, 637-638 (1) (417 SE2d 392) (1992); *Dunkin' Donuts of America v. Gebar, Inc.*, 202 Ga. App. 450, 451 (1) (b) (414 SE2d 683) (1992). Here, Bishop made a motion in limine on the day the trial began, asking the court to exclude any evidence offered by Hathaway on the statute of frauds defense that there is no written guarantee. The court reserved ruling on the motion until the evidence was actually presented. Bishop him-

self then testified that Hathaway had orally guaranteed the lease. Hathaway denied personally guaranteeing the lease. Bishop never renewed the motion in limine during the presentation of the evidence, although he did reiterate thereafter that he did not want to waive his objection to Hathaway's statute of frauds defense. Despite Bishop's objection to that defense, contradictory evidence concerning an alleged oral guarantee was admitted and the issue was actually litigated.

"[T]he test of implied amendment of pleadings should always be whether the opposing party had a fair opportunity to defend, offer evidence or was misled." (Citations and punctuation omitted.) *Bowers v. Howell*, supra at 638 (1). Bishop had a fair opportunity to offer evidence and was not misled or unfairly surprised by the defense. Bishop's attorney remained silent and did not contradict Hathaway's attorney when he stated in his place to the trial court that they had discussed the statute of frauds defense the week before trial. Bishop also concedes in his appellate brief that he was not surprised by the defense at trial. "The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what he must meet as a defense." (Citations and punctuation omitted.) *Brown v. Moseley*, 175 Ga. App. 282, 283 (1) (333 SE2d 162) (1985). Since the purpose of the pleading requirement was met and the issue of whether there was a valid personal guarantee was actually litigated, the trial court erred in finding that Hathaway waived the statute of frauds defense and in refusing to give the requested jury charge.

3. Hathaway contends that the court compounded the improper refusal to charge on the statute of frauds by erroneously charging the jury that Hathaway could be held liable based on the alleged oral guarantee of S & H's lease obligations. As noted in Division 2, under the statute of frauds, OCGA § 13-5-30 (2), a promise to answer for the debt of another must be in writing to be binding. OCGA § 13-5-31 (2), (3) provides exceptions to the statute of frauds when there has been performance on one side and acceptance on the other under an oral contract, or when there has been such part performance of the oral contract as would render it a fraud by the party refusing to comply with the contract. Whether there has been such part performance is a question for the jury. *Smith v. Cox*, 247 Ga. 563, 565 (277 SE2d 512) (1981); *White House v. Winkler*, 202 Ga. App. 603, 607 (415 SE2d 185) (1992). Although Bishop argued to the lower court and argues on appeal that the exceptions set forth in OCGA § 13-5-31 (2), (3) apply to the instant case, this theory was not presented to the jury. *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 843-844 (2) (a) (392 SE2d 37) (1990). The court never charged the jury that Bishop could recover under the oral guarantee theory only if one

of the exceptions set forth in OCGA § 13-5-31 was shown; rather, the court simply instructed the jury that an oral contract of guarantee is as valid as a written guarantee and that Bishop could recover on such an oral guarantee by Hathaway. The charge is erroneous because oral guarantees are unenforceable under the statute of frauds. *Archer v. Carson*, 213 Ga. App. 161 (4) (444 SE2d 82) (1994).

"When an error in the charge of the court is shown to exist, it is presumed to be prejudicial and harmful, and this court will so hold unless it appears from the entire record that the error is harmless. . . . Harmful error results when an inapplicable instruction might reasonably draw the jury away from the true issues in dispute or if the erroneous instruction is inapplicable to a vital issue in the case." (Citations and punctuation omitted.) *Lehman v. Zuckerman*, 198 Ga. App. 202, 206 (7) (400 SE2d 704) (1990). Here, the erroneous instruction did not merely draw the jurors away from the true issues in dispute, but actually authorized them to return a verdict in favor of Bishop based on a legally invalid theory of recovery; i.e., an oral promise to answer for another's debt. Because there is no way to determine from the record whether the jurors based their verdict in favor of Bishop on this illegal theory or on one of the other two theories of recovery presented to them, we find that the misleading charge was harmful error. *Ga. Power Co. v. Busbin*, 242 Ga. 612, 616-617 (8) (250 SE2d 442) (1978); *Cherry v. Ward*, 204 Ga. App. 833, 835-836 (1) (c) (420 SE2d 763) (1992).

4. Because of our holdings in Divisions 2 and 3, we need not address Hathaway's contention that the court erred in denying his motion for a directed verdict as to the claim that he orally guaranteed the lease.

5. Bishop's motion for imposition of damages for frivolous appeal is denied.

*Judgment reversed. Andrews, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur fully in Divisions 1, 4 and 5. With respect to Division 2, I concur because there was never a reason for defendant Hathaway to affirmatively raise the statute of frauds defense in writing, under OCGA § 9-11-8 (c), either in his answer to the complaint or in the pretrial order.

The complaint did not allege that Hathaway was obligated as a guarantor, only that he and the corporation "jointly and severally entered into a lease of [the] property" and breached it by vacating the premises and failing to pay the rent. So there would be no reason to plead a statute of frauds defense in the answer. In the amended pretrial order, plaintiff alleged that Hathaway "also agreed to guarantee

the obligations of the tenant under the lease," and it was stipulated that one of the issues for trial was whether Hathaway so agreed. Plaintiff did not specify whether it was depending on a written guaranty or an oral guaranty, and Hathaway simply maintained that "he is not individually liable to the Plaintiff in any sum whatsoever." At that point there was no reason to raise the affirmative defense. If plaintiff *had* so specified, it might have become incumbent on defendant to also seek an amendment of the pretrial order so as to raise the affirmative defense. See *Dumas v. Beasley*, 218 Ga. 349 (128 SE2d 59) (1962).

By a second amendment to the order plaintiff added as documentary evidence to be offered at trial an unsigned guaranty showing Hathaway as a personal guarantor. Again there was no call for notice of a statute of frauds defense, as Hathaway's defense to this written document was that he did not sign it. His counsel explained that position, at the beginning of trial, when plaintiff sought to exclude any evidence upon which a statute of frauds defense could be mounted. The allegation of an *oral* guaranty did not surface in the record until trial. The court expressly ruled that defendant could disclaim any oral promises (it not being disputed that he could deny signing a written guaranty) and plaintiff agreed, even though this *would* be evidence to support a statute of frauds defense, which is what plaintiff urged had been waived. As recognized by Hathaway, the statute of frauds would come up as a question of law at the conclusion of the evidence, and if there was evidence that Hathaway orally guaranteed the obligation and counter evidence that he did not do so, the statute of frauds would be applicable. It was not waived because the assertion that Hathaway orally guaranteed the corporation's lease obligation was not made until trial. Plaintiff himself pointed out at trial in referring to his pretrial assertions as to guaranty, "what form of agreement that may be may be a question of fact." There had *not* been an assertion that it was an oral agreement, so that only if plaintiff offered evidence of such would the affirmative defense of statute of frauds be ripe.

Consequently, defendant Hathaway should not have been deprived of an instruction to the jury on the statute of frauds as related to a promise to pay the debt of another.

With respect to Division 3, I concur except with the blanket statement that "oral guarantees are unenforceable under the statute of frauds." That is true unless there has been a waiver of this defense by failing to affirmatively raise it when required to do so. See OCGA § 9-11-8 (c); *Brantley Co. v. Simmons*, 196 Ga. App. 233 (395 SE2d 656) (1990). Since the defense was properly raised at trial when the allegation of an oral guarantee was first presented in the record, there was no waiver of the defense provided in OCGA § 13-5-30 (2) and the

charge was erroneous.

DECIDED OCTOBER 4, 1994 —
RECONSIDERATION DENIED OCTOBER 19, 1994 — 

*Awtrey & Parker, Dana L. Jackel, Gregg A. Landau,* for appellant.
*Dorothy H. Bishop, Varner, Stephens, Wingfield & Humphries, William W. Hopson,* for appellee.