A96A1261. ROCKDALE BODY SHOP, INC. et al. v. THOMPSON.

(476 SE2d 22)

BIRDSONG, Presiding Judge.

Appellants/defendants Rockdale Body Shop, Inc. and Michael Dean Harris appeal from the verdict entered in favor of appellee/ plaintiff Keith Thompson and from the denial of appellants' motion for judgment notwithstanding the verdict or in the alternative a motion for new trial. (Harris's wife, who is not a party to this suit, served as the president of Rockdale Body Shop, and appellant Harris served as one of its corporate officers.)

Appellee, a builder, requested appellants to perform restoration services on his antique Ford pickup; a written restoration contract allegedly was executed between the parties. The truck was restored, but a dispute developed as to the amount due and owing appellants. Appellants contended the terms of the written contract fixed the price of restoration services; however, appellee denied executing the written contract and contended there existed an independent oral agreement between the parties that appellee would reduce his contractor fees on appellant Harris's house from 13 to 11 percent in consideration of Rockdale Body Shop holding its restoration costs on the truck to $5,000. (At trial appellee introduced expert testimony that it was not the appellee who had signed his signature to the alleged written contract relied upon by appellants.)

Appellants held the truck pending receipt of the disputed payment. Appellee filed a suit in trover against both appellants/defendants for return of the pickup, paid a cash bond into the court registry, and received possession of the truck. Appellants filed a counterclaim for payment of restoration services rendered. Appellee subsequently amended his complaint also to aver a cause of action of fraud and to assert a claim for general and punitive damages against appellant Michael Dean Harris only. In support of the fraud claim, appellee in essence contended appellant Harris had defrauded him by manipulating the price charged for performed and unperformed work on the vehicle. The trial court directed a verdict in favor of appellant/ defendant Harris in his individual capacity as to the claim for fraud and also as to punitive damages and attorney fees, but not as to the trover claim; however, the trial court allowed appellant Harris's name to remain on the caption of the verdict form for damages together with that of appellant Rockdale Body Shop. In so doing the trial court considered the issue of appellant Harris's liability for breach of contract to be still pending and as warranting jury resolution. The jury awarded $6,500 damages against "the defendant" on the typed verdict form bearing the names of both appellants as the "defendant" in the caption, and awarded $2,500 punitive damages and $4,500 attorney fees against appellant/defendant Rockdale Body

Shop on a handwritten verdict form. Judgment was entered in the amount of $6,500 damages against both appellants/defendants, and entered in the amount of $2,500 punitive damages and $4,500 attorney fees against appellant/defendant Rockdale Body Shop only.

Appellants enumerate that the trial court erred in denying their respective motions for directed verdict and in giving an instruction to the jury regarding the tort of forgery, and that the verdict was against the weight of the evidence and was contrary to the evidence and law. *Held*:

1. The standard for directed verdict and j.n.o.v. is the same. "Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." *Pendley v. Pendley*, 251 Ga. 30 (302 SE2d 554). The standard of appellate review of a trial court's denial of a directed verdict motion is the "any evidence" standard. *Mattox v. MARTA*, 200 Ga. App. 697, 698 (1) (409 SE2d 267).

2. In support of their enumerations appellants contend inter alia that in the consolidated pretrial order entered in the case, appellee stated only a cause of action of fraud against appellant Harris, failed to state a claim of forgery against either appellant/defendant, and failed to state a claim of breach of contract against either of the appellants.

At the outset we note that neither the complaint nor its amendment expressly avers a cause of action of breach of contract or of forgery. Likewise, neither did the consolidated pretrial order expressly address these particular causes of action. Nevertheless, the pretrial order stated that "the issues are in dispute," by plaintiff, regarding the terms of the restoration contract. While not expressly addressing a claim of forgery, the pretrial order also identified as an issue whether defendants were obligated to plaintiff for fraud and listed the name of plaintiff's handwriting expert as a witness. " '(A) pretrial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues.' " (Citation omitted.) *Hathaway v. Bishop*, 214 Ga. App. 870, 871 (2) (449 SE2d 318).

As a general rule, a pretrial order, when entered, controls the subsequent course of the action and serves to limit the issues for trial, unless modified at trial to prevent manifest injustice. OCGA § 9-11-16 (b). However, OCGA § 9-11-16 (b) (Rule 16 (b)) "must always be considered in light of the *mandatory* provisions of [OCGA § 9-11-15 (b) (Rule 15 (b))]." (Emphasis in original.) *Carreras v. Austell Box Board Corp.*, 154 Ga. App. 135, 138 (2) (267 SE2d 792). Appellants' reliance on *Morris v. Nat. Western Life Ins. Co.*, 208 Ga. App. 443 (430 SE2d 813) is misplaced, as this case is distinguishable

from the case at bar. *Morris*, does not address the relationship of OCGA § 9-11-16 (b) to the pleadings amendment provisions of OCGA § 9-11-15 (b); it is well settled that questions which merely lurk in a record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedent. *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89 (1) (114 SE2d 529), its progeny and cases cited therein.

Examination of the transcript reveals that evidence as to a breach of contract and forgery was introduced at trial without objection on the grounds that it was beyond the scope of the pleadings. We find that as to these issues, the pleadings were amended implicitly pursuant to the provisions of OCGA § 9-11-15 (b). " 'The test of implied amendment of pleadings should always be whether the opposing party had a fair opportunity to defend, offer evidence or was misled.' " (Citation omitted.) *Hathaway*, supra at 872 (2); accord *Carreras*, supra at 138 (2). The record before us reveals that appellants had a fair opportunity to defend against these claims, to offer evidence, and were not misled thereby at trial. "Omission of an issue from a pretrial order is not controlling if evidence pertaining to the issue is introduced without objection, the opposing party is not unfairly surprised, and the issue is actually litigated." *Dunkin' Donuts &c. v. Gebar, Inc.*, 202 Ga. App. 450, 451 (1) (b) (414 SE2d 683).

While the evidence as to a forgery committed by appellants was entirely circumstantial, it was sufficient to give rise to a question for jury resolution (*Mattox*, supra) and the trial court did not err in charging as to this issue. An instruction is neither abstract nor inapplicable when there is any evidence, however slight, on which to predicate it. To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on regarding it. *East Side Auto Parts v. Wilson*, 146 Ga. App. 753 (2) (247 SE2d 571).

All of appellants' assertions in support of their enumerations of error are without merit. As to each appellant/defendant, there was some admissible evidence before the jury supporting the causes of action at issue. On appeal it is not the function of an appellate court to weigh evidence or to determine witness credibility (see generally *Horney v. Lawrence*, 189 Ga. App. 376, 377 (3) (375 SE2d 629)), but to determine evidence sufficiency. The trial court did not err in denying each appellant's motion for directed verdict and in charging on the tort of forgery. Likewise, appellants' claim that the verdict was against the weight of the evidence and that the verdict was contrary to law and evidence is without merit. There exist no errors of law as asserted; on appeal, this Court must construe the evidence to support

the verdict and judgment, and if there is some evidence to support the verdict, we will uphold the judgment. *Locke v. Vonalt*, 189 Ga. App. 783, 785 (1) (377 SE2d 696).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED AUGUST 29, 1996 —
RECONSIDERATION DENIED SEPTEMBER 19, 1996 —

*Terry N. Massey*, for appellants.
*Burkett & Schneider, Gene Burkett*, for appellee.